

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-22-2009

# Thomas v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3907

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Thomas v. Atty Gen USA" (2009). *2009 Decisions.* Paper 2001.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2001

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 07-3907

———

DOUGLAS THOMAS

*Petitioner*,

v.

ATTORNEY GENERAL OF THE UNITED STATES

*Respondent.*

———

Petition for Review of a Final Order of
The Board of Immigration Appeals
(BIA File No. A26-582-649)

———

Submitted Under Third Circuit LAR 34.1(a)
January 6, 2009

BEFORE: FUENTES and FISHER, <u>Circuit</u> <u>Judges</u>, and
PADOVA, <u>Senior</u> <u>District</u> <u>Judge</u>.<sup>*</sup>

(Filed: January 22, 2009)

———

OPINION OF THE COURT

———

———

<sup>*</sup>The Honorable John R. Padova, Senior United States District Judge for the Eastern
District of Pennsylvania, sitting by designation.

PADOVA, <u>Senior</u> <u>District</u> <u>Judge</u>.

Petitioner, Douglas Thomas ("Thomas"), a citizen and native of Haiti who is deportable pursuant to 8 U.S.C. § 1251(a)(2)(B)(i) because of a drug crime conviction, seeks review of the decision of the Board of Immigration Appeals ("BIA") dismissing his motion to reopen removal proceedings pursuant to 8 C.F.R. § 1003.2(c)(3)(ii). For the following reasons, the Petition will be denied.

I.

Because we write primarily for the parties, who are familiar with this case, we need not reiterate the factual or procedural background of this appeal except insofar as may be helpful to our discussion.

In a May 2001 hearing before the immigration judge ("IJ") on an application for deferral of removal under the U.N. Convention Against Torture ("CAT"), Thomas claimed that he more likely than not would be tortured if repatriated to Haiti. In granting Thomas' application for deferral of removal, the IJ found that testimony Thomas provided the Government to support the prosecution of several Haitian drug dealers in the United States would put him at unique risk of harm—rising to the level of torture—if repatriated to Haiti. The IJ also found persuasive Thomas' documentary evidence showing the deplorable conditions in Haitian prisons. In November 2003, the BIA reversed the IJ's decision and ordered that Thomas be deported. The BIA rejected Thomas' testimony that he would be individually targeted by those connected to the drug dealers against whom he had testified

2

and determined that prison conditions in Haiti did not alone establish the requisite probability of torture. The BIA relied upon Matter of J-E-, 23 I. & N. Dec. 291 (BIA 2002), to support its determination.

In December 2006, we denied Thomas' first petition for review, finding that the BIA had applied the proper specific intent requirement to Thomas' CAT claim. See Thomas v. Att'y Gen., 210 F. App'x. 195, 202 (3d Cir. 2006). We also denied Thomas' request for remand for additional factfinding because we determined we lacked jurisdiction to do so under 8 U.S.C. § 1252(a)(1) and § 1252(b)(a)(4)(A). Id. at 203. We did suggest, however, that Thomas could move to reopen removal proceedings on the basis of changed country conditions, pursuant to 8 C.F.R. § 1003.2(c)(3)(ii), despite the fact that he sought deferral of removal, rather than withholding of removal. Id. (citing 8 C.F.R. § 208.17(a)).

## II.

In March 2007, Thomas filed a motion to reopen based on both a change in the legal standard applied to CAT claims and changed conditions in Haiti. The BIA denied the motion on August 31, 2007. At the outset of its analysis, the BIA stated it would "first consider whether the respondent ha[d] established changed circumstances in Haiti that warrant reopening."[1] App. at 2. The BIA then rejected Thomas' claim that "there ha[d] been a change in the *analysis of claims* for protection under the Convention Against Torture." Id.

---

[1] The BIA proceeded with Thomas' claims "without determining whether the exception to the time limits on motions to reopen codified at 8 C.F.R. § 1003.2(c)(3)(ii) extends to applications for protection under the Convention Against Torture . . . ." App. at 2.

3

(citing Lavira v. Att'y Gen., 478 F.3d 158, 168 (3d Cir. 2007) (emphasis added), overruled by Pierre v. Att'y Gen., 528 F.3d 180 (3d Cir. 2008) (en banc)). The BIA also disagreed that "the proffered evidence establishe[d] that conditions ha[d] deteriorated since March 22, 2002, when [the BIA] issued [its] decision in Matter of J-E-," despite finding that Thomas' motion was "supported by extensive evidence regarding country conditions in Haiti." Id. at 3. Rather, the BIA found Thomas' documents "[did] not show that conditions in Haiti ha[d] worsened since the time of the respondent's removal hearing." Id. Moreover, the BIA found that, at the time of Thomas' May 2001 removal hearing, the IJ "was on notice . . . of these conditions in Haiti based on other evidence of record." Id. The BIA ultimately denied Thomas' motion and concluded that he "ha[d] failed to show a reasonable likelihood that he can establish that he [would] more likely than not . . . be tortured." Id. This appeal followed.

III.

The BIA has jurisdiction over a motion to reopen pursuant to 8 C.F.R. § 1003.1(b) and § 1003.2(c). We have jurisdiction to review final orders of removal pursuant to § 242 of the Immigration and Naturalization Act ("INA"), codified at 8 U.S.C. § 1252(a) and as amended by the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B., 119 Stat. 231 (2005) ("REAL ID Act").

Because Thomas was convicted in 1991 of conspiracy to possess cocaine with intent to distribute, an aggravated felony, he is deportable under the INA. See generally 8 U.S.C. § 1227(a)(2)(A)(iii), 1227(a)(2)(B)(i); id. § 1101(a)(43)(B). We generally lack jurisdiction

4

"to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in" 8 U.S.C. § 1227(a)(2)(A)(iii) or § 1227(a)(2)(B). 8 U.S.C. § 1252(a)(2)(C).

Notwithstanding the jurisdiction-stripping provision of § 1252(a)(2)(C), we retain jurisdiction under § 106 of the REAL ID Act to review "constitutional claims or questions of law raised upon a petition for review . . . ." 8 U.S.C. § 1252(a)(2)(D). Because our jurisdiction under § 1252(a)(2) remains strictly limited to "constitutional claims or questions of law," however, we lack jurisdiction to review any factual or discretionary determinations made by the BIA. See Alaka v. Att'y Gen., 456 F.3d 88, 102 (3d Cir. 2006) ("'[D]espite the changes of the REAL ID Act, factual or discretionary determinations continue to fall outside [our] jurisdiction.'" (quoting Sukwanputra v. Gonzales, 434 F.3d 627, 634 (3d Cir. 2006))).

Our review under 8 U.S.C. § 1252(a)(2) is extremely narrow in scope. We review the BIA's denial of a motion to reopen for abuse of discretion, and will disturb it "only if it was arbitrary, irrational, or contrary to law." Rranci v. Att'y Gen., 540 F.3d 165, 171 (3d Cir. 2008) (quoting Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006)). In applying that standard, "[w]e review the BIA's legal conclusions de novo, but will afford Chevron deference to the BIA's reasonable interpretations of the statutes which it is charged with administering." Kamara v. Att'y Gen., 420 F.3d 202, 211 (3d Cir. 2005) (citations omitted).

Unlike with petitions for review brought under 8 U.S.C. § 1252(a)(1), however, we do not examine for substantial evidence factual determinations on petitions brought pursuant

5

to § 1252(a)(2). See Pierre, 528 F.3d at 184 ("Under the REAL ID Act, factual or discretionary determinations are outside of our scope of review." (citation omitted)); Sukwanputra, 434 F.3d at 634 (same). Nevertheless, because the REAL ID Act gives us jurisdiction to consider "questions of law," our review encompasses the "application of law to undisputed facts or adjudicated facts, raised in the initial petition for . . . relief." Mudric v. Att'y Gen., 469 F.3d 94, 97 (3d Cir. 2006) (emphasis added) (citing Kamara, 420 F.3d at 211); see also Francois v. Gonzales, 448 F.3d 645, 648 (3d Cir. 2006). Cf. Bakhtriger v. Elwood, 360 F.3d 414, 425 (3d Cir. 2004) ("[A]lthough review as a matter of law encompasses deciding whether legal principles have been properly applied to undisputed facts, it does not encompass deciding the factual issues themselves." (internal citations omitted)).

IV.

Thomas argues that the BIA abused its discretion in two ways when it denied his motion to reopen: first, it applied the wrong "specific intent" standard to claims for protection under the CAT; second, it improperly found he failed to make out a prima facie case that he was eligible for CAT protection. The Government concedes that the former is a question of law which we have jurisdiction to review. However, the Government argues that we lack jurisdiction over the latter question because "whether the documentary evidence Thomas proffered establishes prima facie eligibility . . . is purely a factual determination . . . requir[ing] weighing and evaluation of the evidence . . . [which is] reviewed under the

6

substantial evidence standard." See Saintha v. Mukasey, 516 F.3d 243, 249 (4th Cir. 2008) ("[W]e conclude that BIA determinations that we would ordinarily review under the substantial evidence standard are necessarily factual in nature, and therefore beyond our jurisdiction to review when the petitioner has been convicted of an aggravated felony."); Conteh v. Gonzales, 461 F.3d 45, 63 (1st Cir. 2006) ("This proscription extends to review of the BIA's factual findings as to credibility, evidentiary weight, and satisfaction of a correctly framed burden of proof."); cf. Hamid v. Gonzales, 417 F.3d 642, 647 (7th Cir. 2005) (finding no jurisdiction to review "whether the IJ correctly considered, interpreted, and weighed the evidence presented—that is to say, whether the IJ's conclusion was based on substantial evidence"). Thomas contends that we do have jurisdiction over the latter claim because he seeks review of the BIA's legal determination, i.e., prima facie eligibility for protection under the CAT. Thomas alleges that this determination was improper because the BIA misapplied the legal standard governing motions to reopen.

We have jurisdiction over both of Thomas' claims. Whether the BIA applied the proper "specific intent" standard plainly is a question of law. Moreover, whether an alien is prima facie eligible for CAT relief is a legal determination because it involves the application of a legal principal to a set of facts. See Sevoian v. Ashcroft, 290 F.3d 166, 174-75 (3d Cir. 2002) ("An applicant for relief on the merits under the Convention Against Torture bears the burden of establishing 'that it is more likely than not that he or she would be tortured if removed to the proposed country of removal.' . . . [T]he prima facie case

7

standard . . . requires the applicant to produce objective evidence showing a 'reasonable likelihood' that he can establish that he is more likely than not to be tortured." (citations omitted)); see also Ragen Corp. v. Kearney & Trecker Corp., 912 F.2d 619, 625-26 (3d Cir. 1990).

V.

Turning to Thomas' first argument, we note that an intervening change in the law controlling CAT claims does not, under the regulations, excuse an otherwise time- or number-barred motion to reopen. See 8 C.F.R. § 1003.2(c)(3). Thus, the BIA's decision not to grant Thomas' motion on the basis of any alleged change in law falls squarely within its discretionary authority to reopen sua sponte, which we lack jurisdiction to review. See Calle-Vujiles v. Ashcroft, 320 F.3d 472, 474-75 (3d Cir. 2003).[2]

With respect to Thomas' second argument, we noted in Sevoian that there are three grounds on which the BIA may deny a motion to reopen immigration proceedings.

> First, it may hold that the movant has failed to establish a prima facie case for the relief sought. . . . Second, it may hold that the movant has failed to introduce previously unavailable, material evidence that justifies reopening. . . . Third, in cases in which the ultimate grant of relief being sought is discretionary (asylum

---

[2]We also note that, whatever the merits of Thomas' change-in-the-law argument before we rendered our decision in Pierre, we find any alleged error to be harmless. Thomas effectively concedes, as he must, that the specific intent standard we sanctioned in Pierre now controls his case. Thus, no matter whether the BIA applied the wrong standard in 2007 to Thomas' CAT claim, the standard it indisputably did apply is the standard presently governing CAT claims. See Pierre, 528 F.3d at 190-91 (applying Matter of J-E- to a CAT claim brought by an alien who was to be repatriated to Haiti).

8

. . . but not withholding of deportation), the Board can leap ahead over the two threshold concerns (prima facie case and new evidence/reasonable explanation) and simply determine that even if they were met, the movant would not be entitled to the discretionary grant of relief.

Guo v. Ashcroft, 386 F.3d 556, 564 n.8 (3d Cir. 2004) (quoting Sevoian, 290 F.3d at 169-70). Thomas argues that the BIA abused its discretion by improperly denying his motion on the first of these grounds. We find, however, that the BIA actually denied Thomas' motion to reopen based upon the second Sevoian ground.

The instant motion to reopen is Thomas' second, brought nearly four years after the BIA's final determination of the merits of his CAT claim. Thus, it is generally both time- and number-barred under the regulations. See 8 C.F.R. § 1003.2(c)(2) ("Except as provided in paragraph (c)(3) of this section, a party may file only one motion to reopen deportation or exclusion proceedings . . . and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened . . . ."). The regulations, however, provide that the time and numerical limitations that typically apply to motions to reopen may be waived if the motions are "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii).

Thus, with an otherwise time- and number-barred motion to reopen brought pursuant to § 1003.2(c)(3)(ii), the BIA first considers whether the petitioner has proved, by material

9

evidence not otherwise available at the time of the previous hearing, that circumstances in the country of deportation have sufficiently changed to warrant reopening. See, e.g., Shardar v. Att'y Gen., 503 F.3d. 308, 314-15 (3d Cir. 2007) (examining the record in a § 1003.2(c)(3)(ii) case for evidence of changed circumstances, and not the likelihood of torture); see also Filja, 447 F.3d at 255-56. This determination does not consider whether the petitioner would be entitled to substantive relief. Prima facie eligibility for substantive relief, therefore, is insufficient when an otherwise untimely motion fails to establish a change in country circumstances. See 8 C.F.R. § 1003.2(a) ("The Board has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief."). In effect, the "changed circumstances" criteria is a procedural hurdle that must be overcome before an untimely motion to reopen may be considered. See Shardar, 503 F.3d at 314.

In its decision, the BIA properly determined whether Thomas had "established changed circumstances in Haiti that warrant reopening." App. at 2. In making its determination, the BIA found that documents submitted by Thomas did "not show that conditions in Haiti ha[d] worsened since the time of [his] removal hearing [in 2003]." Id. at 3. The BIA also found that recent Department of State reports "show[ed] no worsening in torture in Haitian prisons and a decrease in torture generally," and that non-governmental organizations like the Red Cross "monitored prison conditions and offer assistance to prisoners." Id. Thus, the BIA found as a matter of fact that there had not been a change (i.e., a worsening) in circumstances in Haiti to warrant reopening Thomas' case.

We find, therefore, that the BIA properly denied Thomas' motion to reopen as untimely. Absent a showing of changed circumstances in Haiti, the BIA need not have considered the merits of Thomas' CAT claim because his motion was both time- and number-barred under the regulations. For the reasons set forth above, we will affirm the decision of the BIA and deny Thomas' Petition.[3]

---

[3]Because we find the BIA properly denied Thomas' motion as untimely, we need not address whether the BIA abused its discretion in finding Thomas failed to establish prima facie eligibility for relief under the CAT.