PS3-178                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 13-4118, 13-4411, & 13-4759
_____

DOUGLAS THOMAS,
                                                    Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
                                                    Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A026-582-649)
Immigration Judge:  Honorable Henry S. Dogin

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 2, 2014
Before:  JORDAN, COWEN and BARRY, Circuit Judges

(Opinion: September 3, 2014)
_____

OPINION
_____

PER CURIAM

Douglas Thomas, a native and citizen of Haiti, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings sua sponte. For the following reasons, we will grant the Government's motion to dismiss for lack of jurisdiction.

Thomas entered the United States on a nonimmigrant visa in 1984. In 1988, Thomas was granted status as a lawful permanent resident on a conditional basis following his marriage to a U.S. citizen. Thomas's conditional status was terminated after a failure to appear for a scheduled interview.

In 1991, Thomas pleaded guilty in the United States District Court for the Northern District of West Virginia to conspiracy to possess with intent to distribute cocaine. After his release from prison in August 1994, Thomas was served with an order to show cause charging him with removability. Thomas conceded removability, but applied for relief under the Convention Against Torture ("CAT"), waiver of removal, and removal of his conditional permanent resident status.

In 2001, an immigration judge ("IJ") granted Thomas's CAT application and his application for adjustment of status to lawful permanent resident. The Government appealed. The BIA sustained the appeal, vacated the IJ's order, and ordered Thomas removed to Haiti. We denied Thomas's subsequent petition for review. See Thomas v. Att'y Gen., 210 F. App'x 195, 197 (3d Cir. 2006) (not precedential). Thomas then filed a motion to reopen based on changed country conditions in Haiti. The BIA denied that

2

motion and we denied Thomas's subsequent petition for review.  See Thomas v. Att'y

Gen., 308 F. App'x 587, 589 (3d Cir. 2009) (not precedential).

In September 2013, Thomas filed a second motion to reopen, requesting the sua

sponte reopening of his proceedings based on the pendency of an "S" visa application,

see INA § 101(a)(15)(S), 8 U.S.C. § 1101(a)(15)(S).  The BIA determined that Thomas's

motion to reopen was untimely and numerically barred under 8 C.F.R. § 1003.2(c)(2),

and concluded that Thomas's pending visa application was not an "exceptional situation"

that warranted sua sponte reopening.  Thomas filed three petitions for review.[1]  The

Government moved to dismiss the petitions for review for lack of jurisdiction.

Under INA § 242(a)(1), 8 U.S.C. § 1252(a)(1), we have jurisdiction to review final

orders of removal.  We ordinarily review the denial of a motion to reopen for abuse of

discretion.  See Pllumi v. Att'y Gen., 642 F.3d 155, 158 (3d Cir. 2011).  As the

---

[1] Thomas filed his first petition for review on October 16, 2013, before the BIA issued its order denying his motion to reopen.  However, the petition for review ripened once the BIA entered a final order because the Government conceded that it was not prejudiced by the premature filing and we had not yet taken action on the merits of the petition.  See Khan v. Att'y Gen., 691 F.3d 488, 494 (3d Cir. 2012).  Thomas filed the second petition in this Court on November 12, 2013.  See Thomas v. Att'y Gen., No. 13-4411.  On November 18, 2013, Thomas filed a third petition in the United States Court of Appeals for the Ninth Circuit, which transferred the petition to us.  See Thomas v. Att'y Gen., No. 13-4759.  The petitions for review were consolidated for all purposes.  To the extent, if any, that Thomas's third petition for review challenges the BIA's October 4, 2013 order, which granted a stay of removal while the BIA considered his second motion to reopen, we dismiss it.  See INA § 242(a)(1), 28 U.S.C. § 1252(a)(1).  To the extent that that petition challenged the BIA's October 23, 2013 order, we will consider it with the proceedings initiated at Nos. 13-4118 and 13-4411.

3

Government contends, however, we lack jurisdiction to review the arguments that Thomas raises in this case.

The BIA may, at any time, exercise its discretion to reopen removal proceedings sua sponte. 8 C.F.R. § 1003.2(a). Sua sponte reopening is "an extraordinary remedy reserved for truly exceptional situations." Matter of G-D-, 22 I. & N. Dec. 1132, 1133-34 (BIA 1999). Because the regulations governing sua sponte reopening "offers no standard governing the agency's exercise of discretion," we generally lack jurisdiction to review the BIA's denial of a motion to reopen sua sponte. Calle-Vujiles v. Ashcroft, 320 F.3d 472, 475 (3d Cir. 2003).

However, we retain jurisdiction to review questions of law or constitutional claims. INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D). Thomas has not raised a question of law or a constitutional claim. Although Thomas asserts in his brief that the BIA's denial of his motion to reopen violated his procedural due process rights, he does not adequately develop his argument and we are unable to consider it. See Kopec v. Tate, 361 F.3d 772, 775 n.5 (3d Cir. 2004) ("'An issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue . . . will not suffice to bring that issue before this court.'" (quoting Laborers' Int'l Union v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) (omission in original)). Thomas suggests that the denial of his application for CAT relief constituted a violation of due process, but that decision was not part of the BIA's denial of his motion to reopen sua sponte. We cannot

4

review it.  See Stone v. INS, 514 U.S. 386, 394, 405-06 (1995) (holding that judicial review of the BIA's original removal order is separate from review of any subsequent BIA orders).  To the extent that Thomas suggests that the incompetence of his prior counsel constituted a denial of due process, any claim of ineffective assistance of counsel is not properly before us because he did not exhaust that claim before the BIA.  See INA § 242(d)(1), 8 U.S.C. § 1252(d)(1); Castro v. Att'y Gen., 671 F.3d 356, 365 (3d Cir. 2012).

For the foregoing reasons, we will grant the Government's motion and dismiss the petitions for review for lack of jurisdiction.