10-2933
Qiu & Lin v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of July, two thousand twelve.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> JON O. NEWMAN,
> PIERRE N. LEVAL,
> > *Circuit Judges.*

————————————————————————————————

| | |
|---|---|
| QIU FENG ZHENG, AKA QUI FENG ZHENG, AKA MA NAN HSUEN v. BUREAU OF CITIZENSHIP & IMMIGRATION SERVICES, A077 309 471 | 10-1849-ag |

————————————————————————————————

| | |
|---|---|
| **CHUN GUO CHEN v. HOLDER,** **A072 564 910** | **10-2010-ag** |

————————————————————————————————

| | |
|---|---|
| **MAOLI DONG v. HOLDER,** **A095 377 535** | **10-2072-ag** |

————————————————————————————————

| | |
|---|---|
| **LI BIN ZHAO v. HOLDER,** **A077 023 117** | **10-2364-ag** |

————————————————————————————————

02272012-1-10

**BI-FENG LIU v. HOLDER,**                          10-2867-ag
**A073 132 497**

_____


**YUFANG QIU, BAI XIANG LIN**
**v. HOLDER,**                                      10-2933-ag
**A096 248 506**
**A079 141 366**

_____


**TAN FENG LING v. HOLDER,**                        10-3734-ag
**A077 322 844**

_____


**YONG DA CHEN, AKA YONGDA CHEN,**
**AKA LANGDA CHEN v. HOLDER,**                       10-3821-ag
**A073 161 895**

_____


**MAO ZHOU LIN, AKA**
**MAO ZAI LIN v. HOLDER,**                           10-3993-ag
**A077 309 112**

_____


**XIU MEI ZHENG v. HOLDER,**                         10-4123-ag
**A095 365 126**

_____


UPON DUE CONSIDERATION of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petitions for review are DENIED.

Each of these petitions challenges a decision of the BIA denying a motion to reopen.  The applicable standards of review are well-established.  *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58, 168-69 (2d Cir. 2008).

Petitioners, all natives and citizens of China, filed motions to reopen based on their claims that they fear persecution because they have had one or more children in violation of China's population control program. For largely the same reasons as this Court set forth in *Jian Hui Shao*, 546 F.3d 138, we find no error in the BIA's decisions. *See id.* at 158-72. Moreover, the BIA did not err in declining to credit the petitioners' unauthenticated evidence in light of the agency's underlying adverse credibility determinations. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-47 (2d Cir. 2007).

In *Maoli Dong v. Holder*, No. 10-2072-ag, **(3)** we are without jurisdiction to consider the petitioner's argument that the BIA should have reopened his proceedings as a matter of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006). In *Li Bin Zhao v. Holder*, No. 10-2364-ag, **(4)** there is no merit to the petitioner's argument that motions to reopen seeking relief under the Convention Against Torture ("CAT") are excused from the applicable time and numerical limitations. *See* 8 U.S.C. § 1229a(c)(7) (providing the time and numerical limitations applicable to motions to reopen); *cf.* 8 C.F.R. § 1208.18(b)(2) (excusing

the time and numerical limitations for filing a motion to reopen to seek CAT relief *only* for aliens whose removal orders became final prior to March 22, 1999 and who moved to reopen proceedings before June 21, 1999)).

For the foregoing reasons, these petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk