**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 06 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| PING DONG,<br><br>                    Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>                    Respondent. | No. 11-72165<br><br>Agency No. A075-609-424<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 3, 2015
Pasadena, California

Before: GRABER and WATFORD, Circuit Judges, and TUNHEIM,** Chief
District Judge.

Ping Dong, a native and citizen of China, petitions for review of an order of

the Board of Immigration Appeals (BIA) denying her motion to reopen to present

evidence that she was forced to undergo two abortions in China in the 1980s.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable John R. Tunheim, Chief District Judge for the U.S.
District Court for the District of Minnesota, sitting by designation.

**1.** The BIA did not abuse its discretion in denying Dong's untimely motion to reopen for failure to present material, previously unavailable evidence of changed country conditions. Evidence that Dong was subjected to forced abortions in China in the 1980s was neither unavailable at the time of her March 2004 merits hearing nor indicative of changed circumstances in China since then. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3).

**2.** Nor did the BIA abuse its discretion in finding that Dong failed to demonstrate due diligence in raising her ineffective-assistance-of-counsel claim so as to warrant equitable tolling of the time and numerical limitations on motions to reopen. *See Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011). Dong argues that all of her previous lawyers provided ineffective assistance by failing to present evidence that she was subjected to forced abortions in China. She was aware, however, that her lawyers had not raised a forced-abortion claim by the time of the 2004 merits hearing, at which she and her husband represented themselves, and she did not raise such a claim for more than seven years thereafter. Nor has she attempted to comply with the *Lozada* requirements in corroborating her allegations that her previous attorneys rendered ineffective assistance by failing to raise this claim. *See Reyes v. Ashcroft*, 358 F.3d 592, 597–99 (9th Cir. 2004); *In re Lozada*, 19 I. & N. Dec. 637, 639 (B.I.A. 1988).

Dong argues that she failed to present evidence of her forced abortions because she relied on the advice of an unknown "gentleman" at the immigration consultant's office. Even assuming this argument was properly exhausted before the BIA, we cannot say that it was reasonable for Dong to rely on this advice, as the man informed her that he was not an attorney and did not work at the office. Nor can we say that she "made reasonable efforts to pursue relief," *Avagyan*, 646 F.3d at 679, as she was aware that forced abortions could serve as grounds for relief, but does not appear to have raised the issue with any of her attorneys for more than twelve years afterwards.

**3.** Dong moved in November 2009 for the BIA to reissue its June 2005 decision granting her voluntary departure so she could seek adjustment of status. Dong argues that the BIA acted arbitrarily by refusing to reopen her case but granting reopening in a factually somewhat similar case in the 1970s. We lack jurisdiction to consider this argument. The BIA denied Dong's November 2009 motion as untimely, holding that she failed to exercise diligence warranting equitable tolling. Dong did not timely petition for review of that order, so we lack jurisdiction to review it now. *See* 8 U.S.C. § 1252(b)(1).

**4.** Finally, we lack jurisdiction to review the BIA's decision not to reopen proceedings sua sponte. *Go v. Holder*, 744 F.3d 604, 609–10 (9th Cir. 2014).

**PETITION DENIED in part, DISMISSED in part.**