**Baltazar MAGALLON–DEL TORO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

Nos. 04–75405, 05–70257.

United States Court of Appeals, Ninth Circuit.

Submitted June 18, 2008.*

Filed July 7, 2008.

Martin Resendez Guajardo, Esq., Law Office of Martin Resendez Guajardo, A Professional Corporation, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Anh–Thu P. Mai, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, HAWKINS, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

In these consolidated petitions, Baltazar Magallon–Del Toro, a native and citizen of Mexico, seeks review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") order and denying his motion to remand, and the BIA order denying his motion to reconsider its earlier order. We have jurisdiction under 8 U.S.C. § 1252. We review de novo claims of due process violations, *Vargas–Hernandez v. Gonzales,* 497 F.3d 919, 921 (9th Cir.2007), and for abuse of discretion the denial of motions to remand and reconsider, *Lara–Torres v. Ashcroft,* 383 F.3d 968, 972 (9th Cir.2004), *amended by* 404 F.3d 1105 (9th Cir.2005). We deny the petitions for review.

We are not persuaded that Magallon–Del Toro's counsel denied him the opportunity reasonably to present his case before the IJ, as the record indicates he sought voluntary departure in lieu of submitting a

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

relief application after reasoned discussions with counsel. *Cf. Rodriguez–Lariz v. INS,* 282 F.3d 1218, 1226 (9th Cir.2002).

The IJ did not violate Magallon–Del Toro's procedural due process rights because he was represented by counsel, was provided more than a year to submit a relief application, and declined the IJ's offer of an extension to submit an application, electing instead to request and accept voluntary departure. *See Vargas–Hernandez,* 497 F.3d at 927 (no due process violation when alien was given a full and fair opportunity to be represented by counsel, prepare her relief application and present testimony and evidence in support of her application). The record also indicates Magallon–Del Toro understood his immigration proceedings and the consequences of having his attorney waive his appeal on his behalf. *Cf. Biwot v. Gonzales,* 403 F.3d 1094, 1098 (9th Cir.2005).

As Magallon–Del Toro's due process rights were not violated, the BIA did not abuse its discretion in denying his motions to remand and reconsider. *Lara–Torres,* 383 F.3d at 976.

**PETITIONS FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.