FILED

**NOT FOR PUBLICATION**

DEC 07 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

BALTAZAR MAGALLON-DEL TORO,

        Petitioner,

        v.

LORETTA E. LYNCH, Attorney General,

        Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Nos. 11-73484, 12-70821

Agency No. A076-342-659

MEMORANDUM[*]

On Petition for Review of an Order of
the Board of Immigration Appeals

Submitted November 19, 2015[**]
San Francisco, California

Before: FERNANDEZ and M. SMITH, Circuit Judges, and SCHEINDLIN,[***] Senior District Judge.

Baltazar Magallon-Del Toro, a native and citizen of Mexico, petitions for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Shira Ann Scheindlin, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

consolidated review of the Board of Immigration Appeals' (BIA) denials of his motions to reopen and reconsider.[1]  Magallon-Del Toro argued that he was entitled to equitable tolling of the 90-day statute of limitations due to ineffective assistance of counsel.[2]  We review BIA denials of motions to reopen and reconsider for abuse of discretion,[3] and review de novo questions of law and constitutional claims.[4]  We deny the petitions.[5]

Ineffective assistance of counsel may be grounds for reopening immigration proceedings where a petitioner establishes a due process violation under the Fifth Amendment.[6]  Magallon-Del Toro's motion to reopen alleged ineffective assistance by his three prior representatives ("Lawyers 1, 2, and 3," respectively). Magallon-Del Toro now argues that during his removal hearing, Lawyers 1 and 2

---

[1]     *See* 8 C.F.R. § 1003.2.

[2]     *See id.* § 1003.2(c).

[3]     *See Toufighi v. Mukasey*, 538 F.3d 988, 992-93 (9th Cir. 2008).

[4]     *See Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005).

[5]     Although Magallon-Del Toro filed petitions for review of the BIA's denials of both his motions to reopen and reconsider, he states in his briefing that he challenges only the denial of his motion to reopen.  Accordingly, the petition for review of the motion to reconsider is denied as waived, and this memorandum disposition addresses only the petition for review of the motion to reopen.

[6]     *See Lara-Torres v. Ashcroft*, 383 F.3d 968, 973 (9th Cir. 2004).

abandoned their agreed-upon plan to accept voluntary departure only if the Immigration Judge ("IJ") denied him additional time to apply for withholding of removal and relief under the Convention Against Torture ("CAT"). Magallon-Del Toro also argues that Lawyer 3 — who brought earlier, unsuccessful motions to reopen and reconsider on his behalf — was ineffective because he failed to explain the extent of Lawyers 1 and 2's ineffectiveness.[7]

Magallon-Del Toro has not established that the removal hearing was so fundamentally unfair as to give rise to a due process violation. Rather, the record supports the BIA's finding that Lawyers 1 and 2 acted, for strategic reasons, based on consultation with their client. Although the record indicates that Magallon-Del Toro could follow and participate in the hearing (he had a Spanish interpreter and at times addressed the IJ in English), and that the IJ offered him an additional week to apply for withholding and CAT relief, he accepted voluntary departure. Additionally, Magallon-Del Toro's own conflicting statements in the record — including that Lawyers 1 and 2 failed to explain the availability of withholding and CAT relief before the hearing, such that he believed voluntary departure to be his only option — undermine his claims against his prior representatives. As

___

[7] *See Magallon-Del Toro v. Mukasey*, 285 Fed. App'x 358, 358-59 (9th Cir. 2008) (affirming the BIA's denial of Magallon-Del Toro's prior motions to reopen and reconsider).

Magallon-Del Toro's ineffectiveness claim against Lawyer 3 is predicated on ineffectiveness by Lawyers 1 and 2, the BIA also properly concluded that he had not established ineffective assistance by Lawyer 3.[8]  Petitions DENIED.

---

[8]     To the extent that Magallon-Del Toro argues that the BIA should have exercised its *sua sponte* authority to reopen his removal proceedings, this Court lacks jurisdiction to review that decision.  *See Go v. Holder*, 744 F.3d 604, 609-10 (9th Cir. 2014).