**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

FEB 11 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AMEEN AL TAIFI,

               Petitioner,

   v.

ERIC H. HOLDER, Jr., Attorney General,

               Respondent.

No. 11-73918

Agency No. A078-065-543

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 13, 2015
San Francisco California

Before: WALLACE, M. SMITH, and FRIEDLAND, Circuit Judges.

Ameen Al Taifi petitions for review of an order of the Board of Immigration

Appeals denying his motion to reopen removal proceedings. We have jurisdiction

under 8 U.S.C. § 1252, and reviewing for abuse of discretion, *Go v. Holder*, 744

F.3d 604, 609 (9th Cir. 2014), we deny the petition for review.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The Board did not abuse its discretion in holding that Al Taifi's motion to reopen was filed out of time or in holding that Al Taifi's motion did not fall within the timeliness exception for motions based on changed circumstances. The Board correctly held that Al Taifi failed to show how his evidence of generalized conditions in Yemen had individual relevancy to his claims. *See Najmabadi v. Holder*, 597 F.3d 983, 989–90 (9th Cir. 2010). The Board also thoroughly considered the evidence related to the alleged death of Al Taifi's mother, including the lack of authentication for the police report and the complete lack of detail regarding the explanation for her death, and did not abuse its discretion in concluding that this evidence did not establish any connection between the death of Al Taifi's mother and the persecution claimed by Al Taifi. *See Lin v. Holder*, 588 F.3d 981, 986 (9th Cir. 2009) (thorough consideration of evidence revealed lack of detail regarding connection between actions against petitioner's relatives and potential future persecution of petitioner); *Toufighi v. Mukasey*, 538 F.3d 988, 996–97 (9th Cir. 2008) (evidence immaterial to petitioner's claim where petitioner failed to meet his burden to show how he would be affected by the changed conditions described in the evidence). Thus the Board acted within its discretion when it held that Al Taifi had not established the existence of changed circumstances in Yemen that would materially affect his asylum eligibility.

2

**PETITION DENIED.**