

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAGTAR SINGH,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 12-72584

Agency No. A079-287-634

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 20, 2015**
San Francisco, California

Before: PAEZ, MURGUIA, and HURWITZ, Circuit Judges.

Jagtar Singh ("Singh") petitions for review of the Board of Immigration

Appeals' ("BIA") decision denying his motion to reopen proceedings for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

We deny the petition.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

**1.**     Singh does not dispute that his motion to reopen was untimely. Instead, he argues that he is excused from the ninety-day time limit. Singh does not, however, allege evidence of "changed country conditions" that "is material and was not available and would not have been discovered or presented at the previous proceeding."[1] *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

**2.**     Singh asserts that two individuals fraudulently prepared his asylum application, and he now seeks to apply for asylum under the facts he alleged in a previous asylum application that he filed in Canada. But this does not constitute "changed country conditions." First, the grounds for Singh's motion relate only to his personal circumstances, which do not provide a basis to excuse the ninety-day deadline. *See Chen v. Mukasey*, 524 F.3d 1028, 1031-34 (9th Cir. 2008). Second, the circumstances surrounding the filing of Singh's initial asylum application are facts that could have been discovered or presented at the prior hearing. Indeed, the main focus of the merits hearing was the very fraudulent conduct that Singh now seeks to rely on in his motion to reopen. When given the opportunity by the IJ, Singh could have abandoned his fraudulent application and proceeded under the

---

[1] Contrary to Singh's arguments, the same time restrictions apply regardless of whether the motion to reopen seeks to revive a claim under the Immigration and Nationality Act or under CAT. *See Go v. Holder*, 744 F.3d 604, 609 (9th Cir. 2014).

facts alleged in his Canadian application. Instead, Singh stood by his fraudulent application. In sum, Singh failed to demonstrate "changed country conditions" that would excuse the untimely filing of his motion to reopen. No other exception to the ninety-day time limit applies, and Singh did not argue that he was entitled to equitable tolling. We therefore conclude that the BIA did not abuse its discretion in denying Singh's motion to reopen as untimely.

**3.** Singh's additional arguments are without merit.

**DENIED.**