**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HARDEEP SINGH BHAMRA, | No. 13-71377 |
| Petitioner, | Agency No. A079-605-153 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2015[**]

Before:    TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Hardeep Singh Bhamra, a native and citizen of India, petitions for review of

the Board of Immigration Appeals' ("BIA") order denying his third motion to

reopen removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We

review for abuse of discretion the BIA's denial of a motion to reopen.  *Toufighi v.*

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Mukasey*, 538 F.3d 988, 992 (9th Cir. 2008).  We deny the petition for review.

The BIA did not abuse its discretion in denying Bhamra's third motion to reopen where it was filed over eight years after his order of removal became final, *see* 8 C.F.R. § 1003.2(c)(2), and Bhamra failed to establish materially changed circumstances in India to qualify for the regulatory exception to the time and number limitations for motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Toufighi*, 538 F.3d at 996-97 (evidence was immaterial in light of prior adverse credibility determination); *Najmabadi v. Holder*, 597 F.3d 983, 987-90 (9th Cir. 2010) (evidence must be "qualitatively different" to warrant reopening).  We reject Brahma's contention that the BIA did not consider and assess the relevant evidence.  *See Najmabadi*, 597 F.3d at 990-91 (BIA adequately considered the evidence and sufficiently announced its decision).

**PETITION FOR REVIEW DENIED.**