**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARMAN DOBROYAN; et al., | No. 12-72269 |
| Petitioners, | Agency Nos.    A099-970-715 |
| v. | A099-970-716 |
| | A099-970-717 |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | MEMORANDUM[*] |

| | |
|---|---|
| ARMAN DOBROYAN; et al., | No. 13-71711 |
| Petitioners, | Agency Nos.    A099-970-715 |
| v. | A099-970-716 |
| | A099-970-717 |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 12, 2016
Pasadena, California

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: FARRIS, CLIFTON, and BEA, Circuit Judges.

Arman Dobroyan, a citizen of Armenia, petitions for review of the order of the Board of Immigration Appeals denying his applications, and those of his wife and daughter as derivative petitioners, for asylum, withholding of removal, and protection under the Convention Against Torture based on an adverse credibility finding. Dobroyan also petitions for review of the BIA's decision denying his motion to reopen based on ineffective assistance of counsel. We have jurisdiction over this appeal under 8 U.S.C. § 1252, and we deny the petitions.

We review a finding of adverse credibility for substantial evidence, and accept that finding "unless any reasonable adjudicator would be compelled to conclude to the contrary." *Bassene v. Holder*, 737 F.3d 530, 536 (9th Cir. 2013). Pursuant to the REAL ID Act, which applies in this case as Dobroyan filed his applications after May 11, 2005, *see Zhiqiang Hu v. Holder*, 652 F.3d 1011, 1017 n.5 (9th Cir. 2011), the BIA was permitted to base an adverse credibility determination on the inherent implausibility of the applicant's account, on inconsistencies between the applicant's written and oral statements, or on any stated inaccuracies or falsehoods. 8 U.S.C. §§ 1158(b)(1)(B)(iii); 1231(b)(3)(C). An inconsistency or inaccuracy that goes to the heart of the applicant's claim carries great weight. *Shrestha v. Holder*, 590 F.3d 1034, 1046–47 (9th Cir. 2010).

The BIA identified several inconsistencies within Dobroyan's testimony and between his oral and written declarations. Dobroyan offered multiple conflicting dates for when events relating to the heart of his asylum claim occurred. For example, the immigration judge found Dobroyan's testimony regarding Aghabegyan's alleged demand for $2,000 confusing and inconsistent. On cross-examination, Dobroyan also gave an account of threats and a beating he claimed he suffered in Russia that he had omitted from his written testimony. He also included a claim that he was detained and interrogated in May 2001 in his written declaration that he omitted from his oral testimony. Finally, Dobroyan testified inconsistently as to when he worked for the Ministry of Archives—the job from which he was supposedly forced to resign as part of the persecution against him in Armenia.

Moreover, many of the statements about these events were vague, confusing, and lacking in specific detail. *See Singh-Kaur v. INS*, 183 F.3d 1147, 1149 (9th Cir. 1999). When asked to explain these infirmities in his testimony, Dobroyan stated that he had lost his memory and that the trauma of the attempt on his life had made him forget unimportant details such as dates. We defer to the IJ's conclusion that these explanations were "not satisfactory to explain the inconsistencies" in his testimony. *See Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011). Dobroyan also

3

failed to corroborate his story with affidavits or testimony from his parents and brother, who lived nearby and were available. In short, the IJ's adverse credibility determination was supported by substantial evidence, and the BIA therefore did not err in denying Dobroyan's appeal of the IJ's denial of his application for asylum.

The BIA's determination that Dobroyan had failed to establish eligibility for asylum based on the IJ's adverse credibility finding is also determinative of Dobroyan's claim for withholding of removal. The burden of proof required to show eligibility for withholding of removal (a clear probability of persecution) is greater than the burden of proof necessary to show eligibility for asylum (well-founded fear of persecution). *INS v. Stevic*, 467 U.S. 407, 413 (1984). As Dobroyan failed to meet the lesser burden, he necessarily did not meet the more stringent burden of establishing a clear probability of persecution.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion and may reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." *Go v. Holder*, 744 F.3d 604, 609 (9th Cir. 2014). A motion to reopen must be filed within 90 days of a final order of removal and a party may make only one motion to reopen. 8 U.S.C. §§ 1229a(c)(7)(C)(i), 1229a(c)(7)(A). Equitable tolling or waiver of these limitations may be available when a petitioner is prejudiced by the ineffective assistance of counsel, but only up until the time a

4

petitioner exercising due diligence discovers or should have discovered counsel's misconduct. *Iturribarria v. I.N.S.*, 321 F.3d 889, 897–99 (9th Cir. 2003). Dobroyan filed a second motion to reopen over 90 days after the BIA issued a final order of removal, asserting that his first counsel was deficient for failing to address the credibility issues in his case and that his second counsel was deficient for failing to inform him of his first counsel's errors. Dobroyan did not exercise due diligence in discovering and remedying this alleged misconduct, however. Dobroyan should have discovered his first counsel's ineffective assistance when his credibility was challenged at the asylum hearing and certainly when the IJ issued her decision denying Dobroyan's applications based on an adverse credibility finding.

Of course, Dobroyan, as a native Armenian speaker with no legal training, should not be expected to recognize non-obvious legal errors made by prior counsel without the assistance of new counsel. But his first counsel's supposed mistake in not offering corroborating testimony was obvious. Dobroyan was asked repeatedly at the IJ hearing why his sister, parents, and brother did not testify or submit declarations on his behalf. The IJ's January 12, 2011 ruling specifically underscored the lack of corroborating testimony. Finally, Dobroyan's April 5, 2011 (his first) motion to reopen specifically indicated that his brother and parents were now available to testify, thus further undercutting his claim that he was unaware

5

prior to November 7, 2012 that the lack of corroborating testimony had been a critical factor in the IJ's adverse credibility determination.

This Court reviews *de novo* a claimed due process violation on the basis of ineffective assistance of counsel. *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir. 2005). The ineffective assistance of counsel in a deportation hearing amounts to a denial of due process under the Fifth Amendment when counsel's performance is so inadequate it prevents the petitioner from presenting his case and prejudices the outcome. *Rodriguez-Lariz v. INS,* 282 F.3d 1218, 1226 (9th Cir. 2002). Dobroyan had ample opportunity to present corroborating testimony, clarify his statements, and account for any inconsistencies and omissions. The alleged failure of his first counsel to do so for him or of his second counsel to inform him of the problem was not prejudicial as the IJ brought these credibility issues to Dobroyan's attention and he chose not to take further action.

Petitions for review DENIED.