

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PARAMJIT SINGH,<br><br>        Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>        Respondent. | No. 13-72124<br><br>Agency No. A098-537-234<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 5, 2016[**]
Seattle, Washington

Before: GRABER, BERZON, and MURGUIA, Circuit Judges.

Petitioner Paramjit Singh seeks review of the Board of Immigration

Appeals' ("BIA") denial of his motion to reopen. Reviewing for abuse of

discretion, Go v. Holder, 744 F.3d 604, 609 (9th Cir. 2014), we dismiss in part and

deny in part the petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

1. We lack jurisdiction over the BIA's discretionary decision not to invoke its sua sponte authority to reopen proceedings. Id. at 609–10. Accordingly, we dismiss that part of Petitioner's petition.

2. Petitioner filed the motion to reopen well after the statutory deadline of 90 days following the entry of the final order of removal. The BIA correctly held that none of the statutory or regulatory exceptions to the time limit applies here. 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(3). The order of removal was not entered in absentia, 8 U.S.C. § 1229a(c)(7)(C)(iii); the motion asserted the existence of neither changed country conditions nor a battered spouse, child, or parent, id. § 1229a(c)(7)(C)(ii) & (iv); and the government did not join the motion, 8 C.F.R. § 1003.2(c)(3)(iii) & (iv).

3. The BIA did not abuse its discretion in declining to apply equitable tolling. Substantial evidence supports the BIA's conclusion that the medical evidence demonstrated, at most, mental incompetence in the preceding few years—well after the entry of the final order of removal. Accordingly, even assuming that mental incompetence could qualify as "error" for purposes of equitable tolling, Petitioner has not shown that he was "prevented from filing because of a deception, fraud, or error." Avagyan v. Holder, 646 F.3d 672, 679 (9th Cir. 2011).

4. Because the motion to reopen was untimely, the BIA properly declined to reach the merits of Petitioner's new application for humanitarian asylum. <u>See Najmabadi v. Holder</u>, 597 F.3d 983, 992 n.2 (9th Cir. 2010) (holding that, because the motion to reopen was untimely, the BIA "was entitled to deny the motion solely on [that] ground[]").

**Petition DISMISSED in part and DENIED in part.**