**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LILI CHEN, AKA Xia Lin, | No.    15-71443 |
| Petitioner, | Agency No. A096-396-031 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 13, 2016
San Francisco, California

Before:  GOULD and BERZON, Circuit Judges, and TUNHEIM,** Chief District
Judge.

Petitioner Lili Chen ("Chen") petitions for review of the Board of

Immigration Appeals' ("BIA") order denying her untimely motion to reopen her

asylum case based on changed country conditions.  We have jurisdiction over this

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The Honorable John R. Tunheim, Chief United States District Judge
for the District of Minnesota, sitting by designation.

matter pursuant to 8 U.S.C. § 1252.  We review the BIA's denial of Chen's motion to reopen for abuse of discretion.  *Go v. Holder*, 744 F.3d 604, 609 (9th Cir. 2014).  We grant the petition and remand for further proceedings.

"The BIA abuses its discretion when it fails to 'consider and address in its entirety the evidence submitted by a petitioner' and to 'issue a decision that fully explains the reasons for denying a motion to reopen.'" *Franco-Rosendo v. Gonzales*, 454 F.3d 965, 966 (9th Cir. 2006) (quoting *Mohammed v. Gonzales*, 400 F.3d 785, 792–93 (9th Cir. 2005)).  While the BIA "need not expressly refute on the record every single piece of evidence" presented, *Feng Gui Lin v. Holder*, 588 F.3d 981, 987 (9th Cir. 2009), the BIA errs when it wholly fails to exercise its discretion to consider evidence, *Garcia v. Holder*, 621 F.3d 906, 913 (9th Cir. 2010).

The BIA concluded that Chen failed to demonstrate materially changed country conditions, as well as prima facie eligibility for asylum.  In doing so, the BIA failed to demonstrate meaningful consideration of all of the evidence and claims before it.  For example, in determining that certain exhibits originating in and pertaining solely to Chen's home province of Fujian were irrelevant to her prima facie eligibility for relief, the BIA overtly mischaracterized the documents, stating that they were "from other areas of China."  Also in its discussion of

whether Chen demonstrated prima facie asylum eligibility, the BIA concluded that Chen's "evidence [did] not indicate the likelihood of . . . persecution *based on the birth of her two children in the United States.*" (emphasis added). The BIA did not acknowledge that documents in the record indicate that birth of children *in the United States* may lead to coercive family planning measures that amount to persecution. As for the conclusion that "alleged incidents of coercion to meet birth targets in some areas of China have been a longstanding concern, *including [at] the time of the respondent's 2004 proceedings,*" (emphasis added), the sources the BIA cites include only one source from 2004 or earlier—a 2004 State Department report. That report states that in China generally "there ha[d] been reports [of] physical coercion . . . in some rural areas." But the portion of the report *specific to Chen's home province of Fujian* conveys scant evidence of coercive family planning in Fujian in 2004, calling into question the validity of the BIA's reasoning.

"Assuming that the [BIA] actually examined [Chen]'s documents, we are left with nothing to indicate how the information contained within them affected its analysis." *Ji Cheng Ni v. Holder*, 715 F.3d 620, 629 (7th Cir. 2013). The government's post-hoc rationales for the BIA's decision do not allow us to "affirm the administrative action by substituting what [we] consider[] to be a more

adequate or proper basis." *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

**PETITION FOR REVIEW GRANTED; REMANDED.**