NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 21 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BEATRICE AKINYI RAJWAYI, | No.   13-71099 |
| Petitioner, | 14-71704 |
| v. | Agency No. A099-869-550 |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 19, 2017
San Francisco, California

Before:  SCHROEDER and MURGUIA, Circuit Judges, and MCCALLA,** District Judge.

Petitioner Beatrice Akinyi Rajwayi, a native and citizen of Kenya, petitions

for review of the Board of Immigration Appeals' ("BIA") decision denying her

second motion to reopen deportation proceedings. We have jurisdiction under 8

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The Honorable Jon P. McCalla, United States District Judge for the Western District of Tennessee, sitting by designation.

U.S.C. § 1252. We review for abuse of discretion, *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir. 2000), and we grant the petition for review and remand for further proceedings.

The BIA denied Rajwayi's second motion to reopen because her motion was number-barred and filed more than 90 days after the final order of removal was issued. *See* 8 U.S.C. § 1229a(c)(7)(A), (C). In denying her second motion to reopen, the BIA concluded that Rajwayi was not entitled to equitable tolling because she had failed to identify any "deception, fraud, or error" that prevented her from meeting the filing deadline, and she did not allege that she had previously received ineffective assistance of counsel. The BIA also concluded that Rajwayi failed to submit evidence establishing a material change in circumstances in Kenya that would permit reopening her immigration proceedings under 8 C.F.R. § 1003.2(c)(3)(ii). Lastly, the BIA declined to exercise *sua sponte* authority to reopen the proceedings.

1.    To the extent Rajwayi argues that the BIA erred in exercising its discretion to deny her request to *sua sponte* reopen her removal proceedings, we lack jurisdiction to review this decision. *See, e.g., Go v. Holder*, 744 F.3d 604, 609–10 (9th Cir. 2014) ("[W]e lack jurisdiction to review the Board's decision not to invoke its *sua sponte* authority to reopen proceedings"); *Sharma v. Holder*, 633 F.3d 865, 874 (9th Cir. 2011) (same). We also conclude that the BIA did not abuse

2

its discretion in denying Rajwayi's second motion to reopen based on a change of country circumstances in Kenya. Rajwayi's submission of her relative's affidavit provides an alternative explanation for how Rajwayi obtained a forged newspaper article in 2006, but it does not show that conditions in Kenya have materially changed since Rajwayi's prior hearing when she submitted the forged newspaper. *See Salim v. Lynch*, 831 F.3d 1133, 1137 (9th Cir. 2016) ("[T]he changed country conditions exception is concerned with two points in time: the circumstances of the country at the time of the petitioner's previous hearing, and those at the time of the motion to reopen.").

2. However, the BIA failed to properly consider whether Rajwayi is entitled to equitable tolling. This court, sitting en banc, has held that equitable tolling can apply in any circumstance where a petitioner is unable, through no fault of her own and despite due diligence, to discover a vital or material aspect of her claim. *See, e.g.*, *Socop-Gonzalez v. INS*, 272 F.3d 1176, 1193 (9th Cir. 2001) (en banc) ("The inability to obtain vital information bearing on the existence of a claim need not be caused by the wrongful conduct of a third party."). Here, Rajwayi argues that she was unable, through no fault of her own and despite due diligence, to discover a vital aspect of her claim until January 27, 2014—namely, that she could not credibly testify during her immigration proceedings because she suffered from severe mental conditions. Although Rajwayi put forth a potential basis for

equitable tolling, the BIA misconstrued her argument and, therefore, failed to consider whether Rajwayi's unknown medical conditions constituted an "extraordinary circumstance" beyond her control that prevented her from discovering vital information for her claim. *See Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) (stating that the BIA is "not free to ignore arguments raised by a petitioner"). Accordingly, we grant the petition for review and remand to the BIA to properly consider Rajwayi's equitable tolling argument.

**PETITION FOR REVIEW GRANTED; REMANDED.**