NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 5 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NELSON YUDINI GUADRON, | No. 16-72894 |
| Petitioner, | Agency No. A094-178-309 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2018[**]
Pasadena, California

Before: McKEOWN and WARDLAW, Circuit Judges, and DONATO,[***] District
Judge.

Nelson Yudini Guadron, a native and citizen of El Salvador, petitions for

review of a decision of the Board of Immigration Appeals (Board), which denied

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable James Donato, United States District Judge for the
Northern District of California, sitting by designation.

his motion to reopen his claims for withholding of removal and protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

Guadron's motion to reopen was subject to a 90-day deadline, *see* 8 C.F.R. § 1003.2(c)(2); *Go v. Holder*, 744 F.3d 604, 607–09 (9th Cir. 2014), but was not filed until almost three years after the Board's decision. To excuse this untimeliness, Guadron seeks to rely on the exception in 8 U.S.C. § 1229a(c)(7)(C)(ii), which provides that "[t]here is no time limit on the filing of a motion to reopen" if the motion is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." *See also* 8 C.F.R. § 1003.2(c)(3)(ii).

The Board concluded that Guadron "has not demonstrated a change in country conditions material to his claim for relief" and that he "has not established a material change in conditions in El Salvador," and consequently denied Guadron's motion to reopen as "untimely." We review this denial for abuse of discretion, and may reverse the Board's decision only if it is "arbitrary, irrational, or contrary to law." *Go*, 744 F.3d at 609 (quoting *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008)).

2

We conclude that the Board did not abuse its discretion. The record indicates that the Board properly considered all pertinent factors, both favorable and unfavorable, in determining whether to grant the motion. It properly concluded within the bounds of its discretion that the newly submitted evidence showed that ongoing and substantially similar conditions of violence related to gangs had existed at the time of the applicant's hearing. With respect to police involvement in, and the government's awareness and condoning of, extrajudicial killing of gang members in El Salvador, the Board did not abuse its discretion in concluding that the evidence was not definitive. Finally, the Board did not abuse its discretion in finding that Guadron had not alleged receiving any new, specific threats to him as an individual.

The Board consequently acted within the "broad discretion" it has in deciding a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). While both sides have briefed at some length Guadron's additional arguments about his prima facie eligibility for withholding of removal and his counsel's failure to challenge the Immigration Judge's prior conclusion that Guadron is ineligible for that relief because he was convicted of a "particularly serious crime," we need not, and decline to, reach those arguments. *See Toufighi v. Mukasey*, 538 F.3d 988, 997 (9th Cir. 2008) (concluding that the Board may deny a motion to reopen for failing to meet any of four burdens, which include prima facie

3

eligibility, need to produce evidence of changed conditions, and that the evidence is "material").

**PETITION FOR REVIEW DENIED.**