**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 21 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KULWANT SINGH; et al., | No. 12-73731 |
| Petitioners, | Agency Nos. A070-669-363 |
| v. | A070-669-364 |
| | A070-669-365 |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2018**

Before:      SILVERMAN, BEA, and WATFORD, Circuit Judges.

Kulwant Singh and her family, natives and citizens of India, petition for

review of the Board of Immigration Appeals' ("BIA") order denying their motion

to reopen removal proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.

We review for abuse of discretion the denial of a motion to reopen.  *Najmabadi v.*

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying petitioners' second motion to reopen as untimely and number-barred where the motion was filed more than eight years after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and where petitioners failed to establish a material change in country conditions in India to qualify for the regulatory exception to the time and number limitations for filing a motion to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi*, 597 F.3d at 987-90 (petitioner failed to show evidence was "qualitatively different" to warrant reopening); *see also Go v. Holder*, 744 F.3d 604, 609 (9th Cir. 2014) (holding that "the procedural requirements specified in 8 C.F.R. § 1003.2(c) apply to CAT claims").

We reject petitioners' contentions that the BIA failed to consider their motion to reopen or their evidence. *See Najmabadi*, 597 F.3d at 990-91 (finding the BIA adequately considered petitioner's evidence and sufficiently announced its decision)

To the extent that petitioners challenge the agency's discretionary decision not to reopen proceedings sua sponte, we lack jurisdiction to review that discretionary decision, where petitioners fail to raise a colorable constitutional claim or question of law about the sua sponte determination that would invoke our

12-73731

jurisdiction. *See Go*, 744 F.3d at 609-10; *cf. Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) ("[T]his court has jurisdiction to review Board decisions denying sua sponte reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**