**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 11 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VANNAK HEM, | No. 18-71721 |
| Petitioner, | Agency No. A095-189-227 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 9, 2021**
Pasadena, California

Before: BOGGS,*** M. SMITH, and MURGUIA, Circuit Judges.

Vannak Hem petitions for review of the Board of Immigration Appeals's

("BIA") denial of his untimely motion to reopen immigration proceedings.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Because the parties are familiar with the facts, we do not recite them here. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition in part and dismiss the petition in part.

1. Hem contends that the BIA improperly denied his motion to reopen removal proceedings to seek asylum and protection under the Convention Against Torture ("CAT"). We review the denial of a motion to reopen for abuse of discretion and reverse only where the agency's decision is "arbitrary, irrational, or contrary to law." *Go v. Holder*, 744 F.3d 604, 609 (9th Cir. 2014) (quoting *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008)). However, we review purely legal questions raised by the agency's decision de novo. *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016).

The BIA did not abuse its discretion in determining that Hem's untimely motion to reopen did not qualify for an exception to the ninety-day time limit set forth in the regulations. *See* 8 C.F.R. § 1003.2(c)(2) ("Except as provided in paragraph (c)(3) of this section, a party may file only one motion to reopen deportation or exclusion proceedings . . . and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened."). To seek reopening to apply for asylum or withholding of removal after the ninety-day deadline, Hem was required to demonstrate "changed circumstances arising in the country of nationality" based

2

on evidence that was "material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii). Although evidence of changed personal circumstances may be relevant to a motion to reopen, Hem was ultimately required to demonstrate that conditions in the country of removal, Cambodia, have changed in a way that is material to those personal circumstances. *See He v. Gonzales*, 501 F.3d 1128, 1132 (9th Cir. 2007) (birth of second child to Chinese citizens in the United States was insufficient to establish changed circumstances "absent additional evidence of changed circumstances in China following the BIA's issuance of the [petitioners'] final order of removal"). As the BIA explained, Hem did not submit evidence comparing the conditions in Cambodia for members of his proposed particular social groups—suspected Cambodian Freedom Fighters ("CFF") members and people in same-sex marriages—from the time of his initial removal proceedings in 2006, to conditions when he filed his motion to reopen in 2017. Accordingly, the BIA did not abuse its discretion in determining that Hem failed to establish changed conditions in Cambodia that would excuse his failure to timely file his motion to reopen. *See id.* at 1133.

Similarly, the BIA properly determined that the "changed circumstances" requirement in 8 C.F.R. § 1003.2(c)(3)(ii) also applies to Hem's CAT claims. Hem argues that imposing such a requirement conflicts with the Foreign Affairs

3

Reform and Restructuring Act of 1998 ("FARRA") and international obligations under CAT.[1]  But in *Go v. Holder*, we held "that the procedural requirements specified in 8 C.F.R. § 1003.2(c) apply to CAT claims" and rejected the argument "that there cannot be any 'regulatory limitation' on motions to reopen under the CAT."  744 F.3d 604, 608–09 (9th Cir. 2014); *see also Agonafer v. Sessions*, 859 F.3d 1198, 1203–04 (9th Cir. 2017) ("The changed country conditions exception likewise applies to motions to reopen to assert CAT claims.").  Therefore, the BIA did not abuse its discretion by applying the same "changed country conditions" requirement to Hem's CAT claims.  Further, the BIA did not abuse its discretion in declining to follow an unpublished 2011 decision granting CAT relief to another Cambodian citizen who claimed he was a CFF member because that decision was "over 7 years old and [did] not establish what the current conditions are in Cambodia for former CFF members."

2.    Hem further contends that the BIA erred in denying his request for *sua sponte* reopening to allow him to apply for adjustment of status.  *See* 8 C.F.R. § 1003.2(a).  But we lack jurisdiction to review the BIA's denial of *sua sponte* reopening, which is a matter of agency discretion, unless the BIA's decision rests

---

[1] Even if Hem did not raise this argument before the agency, we may consider it because "the exhaustion doctrine does not bar review of a question concerning the validity of an INS regulation because of a conflict with a statute." *Coyt v. Holder*, 593 F.3d 902, 905 (9th Cir. 2010) (quoting *Espinoza-Gutierrez v. Smith*, 94 F.3d 1270, 1273–74 (9th Cir. 1996)).

on a legal or constitutional error.  *Bonilla*, 840 F.3d at 588–89.  Here, the BIA made clear that it was exercising its discretion in denying *sua sponte* reopening because it determined that Hem's case failed to present "an exceptional situation that would warrant the Board's exercise of its discretion."  Therefore, we dismiss this portion of Hem's petition for review.

**PETITION DENIED IN PART AND DISMISSED IN PART.**