**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 14 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FETHIYA MUHABA ANBASSE,

        Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

        Respondent.

No.   20-70561

Agency No. A075-726-256

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2021[**]
Pasadena, California

Before: GRABER, CALLAHAN, and FORREST, Circuit Judges.

Fethiya Muhaba Anbasse, a citizen of Ethiopia, petitions for review of the

Board of Immigration Appeals' (BIA) denial of her motion to reopen based on

changed country conditions. We have jurisdiction under 8 U.S.C. § 1252, and we

review for abuse of discretion, *Go v. Holder*, 744 F.3d 604, 609 (9th Cir. 2014).

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

1.      Anbasse argues that the BIA erred in affirming the immigration judge's (IJ) finding that her new evidence was inherently unbelievable. But the record shows significant inconsistencies between the evidence presented at the original hearing and the evidence supporting the motion. *See Silva v. Garland*, 993 F.3d 705, 718 (9th Cir. 2021). We find no error.

2.      Nor did the BIA err in determining that Anbasse failed to present material evidence. At the original removal hearing, the IJ found that Anbasse failed to testify credibly and had not established a well-founded fear of persecution or a likelihood of torture. Thus, the BIA did not abuse its discretion in concluding that any evidence of changed country conditions would be immaterial to her claims for relief from removal. *See Toufighi v. Mukasey*, 538 F.3d 988, 992–97 (9th Cir. 2008).

3.      The BIA did not abuse its discretion in taking administrative notice of a fact that could be "accurately and readily determined from official government sources and whose accuracy is not disputed." 8 C.F.R. § 1003.1(d)(iv)(A)(3).

**PETITION FOR REVIEW DENIED.**