NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 31 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIA CHRISTINA RICARDO LEON,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 17-72400

Agency No. A095-451-384

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 29, 2022**
San Francisco, California

Before: W. FLETCHER, BYBEE, and VANDYKE, Circuit Judges.

Petitioner Maria Christina Ricardo-Leon seeks review of an August 14, 2017,

decision from the Board of Immigration Appeals (BIA) that denied her motion to

reopen her removal proceeding as time-barred. Petitioner argues that the BIA erred

in denying the motion to reopen. We have jurisdiction under 8 U.S.C. § 1252, and

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral
argument. *See* Fed. R. App. P. 34(a)(2).

deny the petition.

We review the denial of a motion to reopen for abuse of discretion. *See Feng Gui Lin v. Holder*, 588 F.3d 981, 984 (9th Cir. 2009). Under that standard, we uphold the BIA's decision unless it acted arbitrarily, irrationally, or contrary to law. *Go v. Holder*, 744 F.3d 604, 609 (9th Cir. 2014); *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008). The BIA did not do so here.

An alien subject to a final order of removal is generally limited to filing one motion to reopen, which must be filed within 90 days of entry of the order. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Petitioner's final order of removal was issued in 2003, but her motion to reopen was filed on May 17, 2017—long after the 90-day deadline—and she has not established that any statutory or regulatory exception applies. Petitioner does not dispute the BIA's determination that she failed to offer *any* evidence of Mexico conditions in 2003, and Petitioner was required to submit "material" and previously unavailable evidence that, when considered, would establish her prima facie eligibility for relief. *See Feng Gui Lin*, 588 F.3d at 986. Petitioner points to evidence that her close cousin was kidnapped and held for ransom in early 2017 and that crime has generally worsened in Mexico since she migrated to the United States, but neither of these circumstances satisfies the foregoing requirements. Accordingly, the BIA did not abuse its discretion in denying Petitioner's motion to reopen as untimely. *See Go*, 744 F.3d at 609.

**PETITION DENIED**.