NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 24 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DENNIS ORLANDO RIVERA-
TRIGUEROS,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-3764

Agency No.
A044-803-246

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 11, 2025
San Francisco, California

Before: S.R. THOMAS, PAEZ, and MILLER, Circuit Judges.

Dennis Orlando Rivera-Trigueros, a native and citizen of El Salvador,

petitions for review of a decision of the Board of Immigration Appeals denying his

motion to reopen his removal proceedings on the basis of changed country

conditions. Rivera-Trigueros moved to reopen his proceedings to allow him to seek

reconsideration of his eligibility for deferral of removal under the Convention

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition and remand with instructions to reopen.

Generally, a petitioner must file a motion to reopen within 90 days of the final administrative removal order. 8 C.F.R. § 1003.2(c)(2). "However, the ninety-day deadline . . . do[es] not apply if the motion to reopen is based on changed country conditions." *Agonafer v. Sessions*, 859 F.3d 1198, 1203 (9th Cir. 2017) (citing 8 C.F.R. § 1003.2(c)(3)(ii)); *see Go v. Holder*, 744 F.3d 604, 609 (9th Cir. 2014) (holding that "the procedural requirements specified in 8 C.F.R. § 1003.2(c) apply to CAT claims"). To prevail on a motion to reopen based on changed country conditions, a petitioner must produce material, previously unavailable "evidence that conditions have changed in the country of removal" and "'demonstrate that the new evidence, when considered together with the evidence presented at the original hearing, would establish prima facie eligibility for the relief sought.'" *Agonafer*, 859 F.3d at 1204 (quoting *Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008)).

1. The Board abused its discretion in determining that Rivera-Trigueros did not produce evidence that conditions have materially changed in El Salvador since his initial hearing. To determine if new evidence shows a material change in country conditions, we ask whether that evidence is "'qualitatively different' from the evidence presented at the previous hearing." *Najmabadi v. Holder*, 597 F.3d

983, 987 (9th Cir. 2010) (quoting *Malty v. Ashcroft*, 381 F.3d 942, 945–46 (9th Cir. 2004)). "Under this standard, a change in circumstances need not be 'dramatic.'" *Reyes-Corado v. Garland*, 76 F.4th 1256, 1262 (9th Cir. 2023) (quoting *Joseph v. Holder*, 579 F.3d 827, 833 (7th Cir. 2009)). When Rivera-Trigueros had his original hearing for CAT deferral in May 2022, the State of Exception in El Salvador was in its infancy. Consequently, he was able to produce only limited evidence of the risk faced by individuals, like him, with visible gang affiliations and criminal records. That led the immigration judge—whose decision was affirmed by the Board—to conclude that Rivera-Trigueros's "fear of future torture [was] speculative" and that he did not "demonstrate[] that it [was] more likely than not that he would come into the custody of [corrupt authorities]."

After two additional years under the State of Exception, there is ample new evidence that the risk of torture Rivera-Trigueros faces in El Salvador is "more serious and more real" than previously understood. *Reyes-Corado*, 76 F.4th at 1265. Rivera-Trigueros has produced evidence demonstrating that it is now reasonably likely that he will be detained on account of his tattoos, former gang affiliation, and criminal status if removed to El Salvador—a conclusion the Board concedes. That concession is inconsistent with the Board's determination that Rivera-Trigueros's new evidence did not reflect a material change because that original evidence led the Board to a different conclusion as to the risk of detention.

Rivera-Trigueros has also produced evidence of conditions in Salvadoran prisons that is qualitatively different from the evidence presented at his original hearing. The new evidence indicates that abuse of detainees is widespread and systematic, that the death rate has risen, and that the State of Exception has transformed from a temporary policy into a more permanent mechanism of repression. The Board's contrary determination that the new evidence demonstrated only a "continuation" of the same conditions presented during Rivera-Trigueros's initial hearing was an abuse of discretion.

2. The Board also abused its discretion in determining that Rivera-Trigueros did not establish prima facie eligibility for relief. "A party demonstrates prima facie eligibility for relief 'where the evidence reveals a reasonable likelihood that the statutory requirements for relief have been satisfied.'" *Reyes-Corado*, 76 F.4th at 1266 (quoting *Kaur v. Garland*, 2 F.4th 823, 833 (9th Cir. 2021)). To warrant CAT protection, Rivera-Trigueros must show that "it is more likely than not that he . . . would be tortured if removed to [El Salvador].'" 8 C.F.R. § 1208.16(c)(2); *see also id.* § 1208.17(a).

As explained, the Board conceded that there is a "reasonable likelihood that [Rivera-Trigueros] could be detained in El Salvador," and Rivera-Trigueros has produced powerful country conditions evidence demonstrating that, if detained, he will confront a prison environment in which torture is pervasive. He has also

proffered evidence that the squalid conditions in Salvadoran prisons—which include extreme overcrowding, inadequate sanitation, and a lack of food—are deliberately inflicted by government officials as a form of punishment. *See Cole v. Holder*, 659 F.3d 762, 773–74 (9th Cir. 2011) (explaining that the intentional maintenance of inhumane prison conditions is sufficient to make out a CAT claim if those conditions are imposed "as a form of punishment"). That evidence reveals a reasonable likelihood that, if given the opportunity, Rivera-Trigueros will be able to establish entitlement to CAT deferral. The Board abused its discretion in concluding otherwise.

**PETITION GRANTED; REMANDED.**