**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 9 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GLORIA ESMERALDA RIVAS-GARCIA;
EDWIN ERNESTO GONZALEZ-RIVAS,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-7226

Agency Nos.
A209-834-799
A209-834-800

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2025[**]
Pasadena, California

Before: CALLAHAN, NGUYEN, and KOH, Circuit Judges.

Gloria Esmeralda Rivas-Garcia and her son, Edwin Ernesto Gonzalez-Rivas

(collectively, "Petitioners"), natives and citizens of El Salvador, petition for review

of a decision by the Board of Immigration Appeals ("BIA") denying Petitioners'

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

motion to reconsider the BIA's dismissal of an appeal from an order of an Immigration Judge ("IJ") denying Petitioners' applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252. We review the denial of a motion for reconsideration for abuse of discretion. *Lona v. Barr*, 958 F.3d 1225, 1229 (9th Cir. 2020). The BIA abuses its discretion when the denial is "arbitrary, irrational, or contrary to law." *Id.* (quoting *Go v. Holder*, 744 F.3d 604, 609 (9th Cir. 2014)). We deny the petition.

1.      The BIA did not abuse its discretion in denying Petitioners' motion for reconsideration because the motion was untimely. A motion to reconsider must be filed within 30 days of the agency's final administrative decision. 8 U.S.C. § 1229a(c)(6)(B). The BIA dismissed Petitioners' appeal on March 20, 2024. Petitioners filed their motion for reconsideration on April 22, 2024, three days after the 30-day deadline. The BIA correctly determined that the motion was untimely, and Petitioners have failed to raise any arguments related to that dispositive determination.

2.      To the extent that Petitioners seek to challenge the BIA's underlying

---

[1]      Rivas-Garcia is the lead petitioner and Gonzalez-Rivas is a derivative beneficiary of Rivas-Garcia's asylum application. Gonzalez-Rivas also filed separate applications for asylum, withholding of removal, and CAT protection based on the same underlying factual contentions as in Rivas-Garcia's applications.

March 20, 2024 order dismissing Petitioners' appeal of the IJ's denial of their applications for asylum, withholding of removal, and CAT protection, this petition for review is not timely as to that order. *See* 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal."); *see also Riley v. Bondi*, 606 U.S. 259, 274 (2025) (explaining that the 30-day filing deadline is not jurisdictional but mandatory). Accordingly, we decline to consider Petitioners' arguments concerning the merits of the BIA's March 20, 2024 order.

**PETITION DENIED.[2]**

---

[2] The temporary stay of removal remains in place until the mandate issues. *See* Dkt. No. 3. The motion for stay of removal is otherwise denied. *See id.*