
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ASHOT AVOYAN,

          Petitioner,

v.

WILLIAM P. BARR, Attorney General,

          Respondent.

No. 17-71834

Agency No. A071-069-916

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2020[**]

Before: GRABER, TALLMAN, and CLIFTON, Circuit Judges.

Petitioner Ashot Avoyan, a native and citizen of Armenia, seeks review of

the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

abuse of discretion the denial of a motion to reopen. *Yeghiazaryan v. Gonzales*, 439 F.3d 994, 998 (9th Cir. 2006). We deny the petition for review.

The BIA did not abuse its discretion in denying Avoyan's second, untimely motion to reopen, *see* 8 C.F.R. § 1003.2(c)(2), where he failed to qualify for an exception to the time and number limitations, *see id.* § 1003.2(c)(3)(ii). A motion to reopen may be filed any time for purposes of seeking asylum, withholding of removal, or CAT relief because of changed country conditions, if supported by evidence that is "material and was not available and could not have been discovered or presented at the previous hearing." *Id.*; *see Go v. Holder*, 744 F.3d 604, 607–09 (9th Cir. 2014).

Avoyan's evidence did not satisfy this requirement, where it did not establish material, changed circumstances in Armenia since Avoyan's final hearing on August 29, 2011. *See Salim v. Lynch*, 831 F.3d 1133, 1137 (9th Cir. 2016) ("[T]he changed country conditions exception is concerned with two points in time: the circumstances of the country at the time of the petitioner's previous hearing, and those at the time of the motion to reopen."). Therefore, the BIA did not err in denying Avoyan's motion on this basis. *See Najmabadi v. Holder*, 597 F.3d 983, 989 (9th Cir. 2010) (upholding denial of untimely motion to reopen

2

where evidence showed a continuation of country conditions that were present at the time of the removal hearing).

The record does not support Avoyan's argument that the BIA made an implicit finding that Avoyan's and his brother's declarations were not credible. The BIA properly took the assertions in both declarations into account when it held that the evidence did not show a material change in conditions. We also reject the assertion that the BIA failed to apply the appropriate legal standard or consider all relevant issues in its decision. Because Avoyan did not demonstrate changed country conditions, as required to qualify for the timely filing exception under § 1003.2(c)(3)(ii), it was unnecessary for the BIA to consider whether Avoyan established *prima facie* eligibility for his underlying claims. *See INS v. Doherty*, 502 U.S. 314, 323 (1992).

**PETITION FOR REVIEW DENIED.**