NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 28 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KARINA SANTIAGO-DURAN, | No. 19-71196 |
| Petitioner, | Agency No. A077-414-592 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 15, 2021
Pasadena, California

Before: M. SMITH and IKUTA, Circuit Judges, and STEELE,[**] District Judge.

Karina Santiago-Duran, a native and citizen of Mexico, petitions for review of an April 17, 2019 decision of the Board of Immigration Appeals (BIA) which dismissed her appeal from an Immigration Judge's (IJ's) denial of her motion to reopen the *in absentia* removal order of January 14, 1999. We have jurisdiction

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable John E. Steele, United States District Judge for the Middle District of Florida, sitting by designation.

under 8 U.S.C. § 1252(a)(1). *Mata v. Lynch*, 576 US 143, 147-48 (2015). Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling. We deny the petition for review.

## I.

On October 27, 1998, Santiago-Duran applied for admission to the United States at the San Ysidro, California port-of-entry and was determined to be inadmissible. A Form I-213 stated that Santiago-Duran provided "Inglewood, CA" as her United States address and a specific address in Nayarit, Mexico as her permanent residence. Santiago-Duran was sent back to Mexico under expedited removal procedures pursuant to 8 U.S.C. § 1225(b)(1), and was prohibited from entering the United States for five years.

Nonetheless, on October 28, 1998, Santiago-Duran applied for admission to the United States at the Calexico port-of-entry, where it was determined she did not possess proper documentation to allow legal admission to the United States. A Form I-213 stated that Santiago-Duran provided a specific address in Inglewood, California as her United States address and did not claim any permanent address. Santiago-Duran was personally served with a Notice to Appear (NTA) charging her with removability under 8 U.S.C. § 1182(a)(9)(A)(i) for entering the United States within five years of her October 27, 1998 removal without obtaining prior consent. The NTA listed her current residence as a specific address in Sonora, Mexicali, and

ordered her to appear for a removal hearing at the Imperial Immigration Court, although the date and time of the appearance were blank. Santiago-Duran was returned to Mexico to await her immigration hearing. On November 20, 1998, a hearing notice for a January 14, 1999 hearing was sent to Santiago-Duran at an address in Sonora, Mexico. Santiago-Duran failed to appear for her scheduled hearing, and the IJ ordered her removed *in absentia* to Mexico.

On August 3, 2017, petitioner filed a motion to reopen her proceedings, asserting a lack of notice of the hearing because the notice was sent to the wrong address. The motion was not accompanied by an affidavit, and Santiago-Duran has never filed an affidavit or declaration as to her address(es). On November 30, 2017 the IJ denied the motion to reopen.

Santiago-Duran appealed the IJ's denial to the BIA, raising the lack of notice argument and adding an argument that the IJ lacked jurisdiction to conduct a removal hearing because the proceedings against her should have been terminated since she was neither taken into physical custody nor paroled into the United States. The BIA dismissed the appeal, ruling against Santiago-Duran on both issues.

## II.

On appeal, Santiago-Duran asserts that the BIA abused its discretion by failing to reopen the removal hearing. Santiago-Duran asserts that she was entitled to a notice of the hearing, but received none because the Notice of Hearing was not

3

sent to her proper address. Santiago-Duran also asserts that the BIA lacked jurisdiction because the removal proceedings should have been terminated since she had neither been detained nor paroled into the United States, but had been released to Mexico.

"We review the Board's denial of a motion to reopen for abuse of discretion," which requires that the Board's decision was "arbitrary, irrational, or contrary to law." *Go v. Holder*, 744 F.3d 604, 609 (9th Cir. 2014) (citations omitted). "We review *de novo* the BIA's determination of questions of law, except to the extent that deference is owed to its interpretation of the governing statutes and regulations." *Garcia-Quintero v. Gonzales*, 455 F.3d 1006, 1011 (9th Cir. 2006).

The BIA did not abuse its discretion in denying the motion to reopen based on the notice issue. As we have previously stated, "the statutes require aliens to (1) provide an address and (2) tell the government if they move, and the regulation demands that they also (3) tell the government if it puts the wrong address on the NTA." *Velasquez-Escovar v. Holder*, 768 F.3d 1000, 1005 (9th Cir. 2014). The regulation fits the situation here. In the course of two consecutive days, Santiago-Duran provided several different addresses to immigration officials. The address on the NTA, which was personally served on Santiago-Duran, was different than the addresses contained on the Form I-213s. Santiago-Duran never advised anyone that the address was incorrect, despite the explanation of her obligations being given to

4

her in Spanish. "The regulation—and common sense—put the burden on the alien to inform the immigration court that the government got it wrong." *Velasquez-Escovar,* 768 F.3d at 1005. And unlike *Velasquez-Escovar*, the BIA invoked the applicable regulation here by citing to *Velasquez-Escovar*. We can therefore uphold the BIA on this ground. *Cf. id.* at 1004-05.

The BIA is not required to terminate the removal proceedings in the circumstances of this case. An alien arriving by land from a foreign territory contiguous to the United States may be returned to that territory pending removal proceedings. 8 U.S.C. § 1225(b)(2)(C); 8 C.F.R. § 235.3(d). Therefore, the IJ and the BIA maintained jurisdiction over the removal proceedings after Santiago-Duran was returned to Mexico.

**PETITION DENIED.**