NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 14 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN MANUEL VILLASENOR, | No.   18-72609 |
| Petitioner, | Agency No. A075-270-862 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2022[**]
San Francisco, California

Before:  HURWITZ and VANDYKE, Circuit Judges, and ERICKSEN,[***] District Judge.

Petitioner Juan Manuel Villasenor seeks review of an August 29, 2018, decision from the Board of Immigration Appeals (BIA) that denied his third motion

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota, sitting by designation.

to reopen his 1999 removal proceeding as untimely and number-barred. Petitioner argues that the BIA erred in denying the motion to reopen, and that the BIA should have exercised its discretion to reopen his proceeding sua sponte. We dismiss the petition in part and deny it in part.

1. Because Petitioner's challenge to the BIA's sua sponte decision is based on the exercise of its discretion and not the resolution of a legal issue, we lack jurisdiction to review it, and dismiss that portion of the petition. *Mejia-Hernandez v. Holder*, 633 F.3d 818, 823–24 (9th Cir. 2011); *Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002); *cf. Bonilla v. Lynch*, 840 F.3d 575, 586–89 (9th Cir. 2016) (the Court has jurisdiction to review legal issues decided by the BIA when it declines to reopen sua sponte).

2. We have jurisdiction over Petitioner's remaining claims under 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion, giving broad deference to the agency's decision. *See Feng Gui Lin v. Holder*, 588 F.3d 981, 984 (9th Cir. 2009). Under that standard, we uphold the BIA's decision unless it acted arbitrarily, irrationally, or contrary to law. *Go v. Holder*, 744 F.3d 604, 609 (9th Cir. 2014); *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008). The BIA did not do so here.

a. An alien subject to a final order of removal is generally limited to filing one motion to reopen, which must be filed within 90 days of entry of the order. 8

U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Petitioner's final order of removal was issued in 2002, his third motion to reopen was filed on May 7, 2017, far beyond the 90-day deadline, and he has not established that any statutory or regulatory exception applies. Accordingly, the BIA did not abuse its discretion in denying Petitioner's motion to reopen as untimely and number-barred. *See Go*, 744 F.3d at 609.

b. The BIA also did not abuse its discretion in denying Petitioner's motion to reopen for failure to establish prima facie eligibility for the relief sought. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) ("The BIA can deny a motion to reopen on any one of at least three independent grounds—failure to establish a prima facie case for the relief sought, failure to introduce previously unavailable, material evidence, and a determination that even if these requirements were satisfied, the movant would not be entitled to the discretionary grant of relief which he sought.") (internal quotation marks and citation omitted).

**PETITION DISMISSED in part and DENIED in part**.