

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN CARLOS RODRIGUEZ OZUNA, | No.    18-72936 |
| Petitioner, | Agency No. A079-519-277 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 18, 2022**
San Francisco, California

Before:  CHRISTEN and BRESS, Circuit Judges, and LYNN,*** District Judge.

Juan Carlos Rodriguez Ozuna, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' (BIA) decision: (1) dismissing his

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Barbara M. G. Lynn, Chief United States District Judge for the Northern District of Texas, sitting by designation.

appeal from an immigration judge's (IJ) order denying his application for cancellation of removal; and (2) declining to remand his proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we deny Rodriguez Ozuna's petition.[1]

1.      Rodriguez Ozuna argues that his removal order is invalid because his 1992 conviction pursuant to section 647.6 of the California Penal Code was vacated. We disagree. As the BIA observed, Rodriguez Ozuna's removal order rested on his admitted and unchallenged inadmissibility due to entering the United States without admission or parole pursuant to 8 U.S.C. § 1182(a)(6)(A)(i).

2.      Rodriguez Ozuna argues that the BIA should have remanded his proceedings to further develop the record because his conviction pursuant to section 647.6 was vacated. We review the BIA's denial of a motion to remand for abuse of discretion. *Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013). We will reverse the BIA only if its decision was "arbitrary, irrational, or contrary to law." *Go v. Holder*, 744 F.3d 604, 609 (9th Cir. 2014) (quoting *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008)).

---

[1]      Because the parties are familiar with the facts, we recite only those facts necessary to decide the petition.

2

Rodriguez Ozuna's motion to remand required a showing of prima facie eligibility for cancellation of removal. *See INS v. Abudu*, 485 U.S. 94, 104–05 (1988); *see also Tzompantzi-Salazar v. Garland*, 25 F.4th 752, 759 (9th Cir. 2022). The criminal history Rodriguez Ozuna submitted to the IJ documented his arrests in 2015 for lewd acts with a child under the age of 14, in violation of section 288(a) of the California Penal Code, and oral copulation with a child under the age of 10, in violation of section 288.7(b) of the California Penal Code. But Rodriguez Ozuna did not provide evidence of the dispositions of those arrests. Rodriguez Ozuna bore the burden of proving all aspects of his eligibility, including proving that these two arrests did not result in convictions. *See Pereida v. Wilkinson*, 141 S. Ct. 754, 758 (2021). Because Rodriguez Ozuna did not establish the absence of a disqualifying conviction, the BIA did not abuse its discretion by declining to remand Rodriguez Ozuna's proceedings.

**PETITION FOR REVIEW DENIED.**