**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 9 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NOEL MEJIA-HERNANDEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-1522

Agency No.
A203-702-428

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 6, 2024[**]
Phoenix, Arizona

Before: MURGUIA, Chief Judge, and HAWKINS and JOHNSTONE, Circuit
Judges.

Noel Mejia-Hernandez, a native and citizen of Honduras, petitions for

review of a decision from the Board of Immigration Appeals ("BIA") denying his

motion to reopen. We have jurisdiction under 8 U.S.C. § 1252(a)(1). We review

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

the BIA's decision for abuse of discretion. *See Lona v. Barr*, 958 F.3d 1225, 1229 (9th Cir. 2020). We deny the petition.

The BIA denied the motion to reopen as untimely and found that Mejia-Hernandez had not provided a legal or factual basis for equitable tolling.[1] Noncitizens may file one motion to reopen within 90 days of the final administrative order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Mejia-Hernandez filed his motion to reopen on December 11, 2020, 228 days after the BIA dismissed his direct appeal on April 27, 2020. On appeal, Mejia-Hernandez argues he is entitled to equitable tolling from April 27 to November 2, 2020, on the basis of a mental impairment. *See Bills v. Clark*, 628 F.3d 1092, 1099–1100 (9th Cir. 2010). Mejia-Hernandez has not shown he is entitled to equitable tolling.

This Court has noted that a noncitizen seeking to apply equitable tolling "need only show that his or her ignorance of the limitations period was caused by circumstances beyond the party's control, and that these circumstances go beyond a 'garden variety claim of excusable neglect.'" *Socop-Gonzalez v. I.N.S.*, 272 F.3d 1176, 1193 (9th Cir. 2001) (en banc) (citation omitted), *overruled on other*

---

[1] Because we find that the BIA did not abuse its discretion in finding Mejia-Hernandez's motion untimely, we decline to address the merits of Mejia-Hernandez's motion to reopen. *I.N.S. v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

*grounds by Smith v. Davis*, 953 F.3d 582, 599 (9th Cir. 2020) (en banc). In habeas proceedings, this Court has recognized that mental impairments may constitute "circumstances beyond a prisoner's control" sufficient to justify equitable tolling. *Bills*, 628 F.3d at 1096. Under *Bills*, the "[t]he relevant question is: [d]id the mental impairment cause an untimely filing?" *Id.* at 1100 n.3. Assuming the same test applies here, Mejia-Hernandez is not entitled to equitable tolling because he has not shown that the conditions of his detention or his mental impairment caused his untimely filing.

*First*, the BIA did not miscast or ignore Mejia-Hernandez's argument. The only colorable claim Mejia-Hernandez makes that his mental impairment caused an untimely filing is that he was unable to effectively communicate with counsel. Under *Bills*, his mental impairment, standing alone, was not a sufficient basis for equitable tolling. *Id.* at 1100 & n.3.

*Second*, the BIA did not abuse its discretion in finding that Mejia-Hernandez competently represented himself before it.[2] Mejia-Hernandez focuses on whether his notice of appeal suggested he was incompetent under *Matter of M-A-M-*, 25 I. & N. Dec. 474 (B.I.A. 2011). However, his argument ignores that he simultaneously filed two notices of appeal on December 10, 2019. While one was

---

[2] Because Mejia-Hernandez's competency arguments related to his February 2020 medical evaluation relate to the merits of his claims, we do not address whether that medical evaluation establishes incompetence requiring reopening.

facially inadequate, the other suggested "a rational and factual understanding of the nature and object of the proceedings." *Id.* at 479. Accordingly, the BIA did not abuse its discretion in finding that Mejia-Hernandez competently represented himself before the BIA.

*Third*, the BIA did not abuse its discretion by finding that the joint status reports filed by Mejia-Hernandez in *Urdaneta v. Keeton*, No. 2:20-cv-00654 (D. Ariz. Apr. 1, 2020) undercut his argument that he was unable to effectively communicate with his counsel. Although his habeas attorneys were not required to represent him in his immigration proceedings, Mejia-Hernandez was represented by his current counsel starting April 28, 2020. *Mejia-Hernandez v. Barr*, No. 20-71221, Dkt. 1 (9th Cir. Apr. 28, 2020). Mejia-Hernandez does not provide any evidence as to why he was not able to communicate with his current counsel. Even if the communications required to prepare his motion to reopen were more onerous than those he had with his habeas attorneys, the failure to take any steps regarding his motion to reopen between April 27 and November 2, 2020, does not show "reasonable diligence" in light of the "totality of the circumstances," including his access to assistance. *Bills*, 628 F.3d at 1100–01 (quoting *Holland v. Florida*, 560 U.S. 631, 653 (2010)).

Accordingly, Mejia-Hernandez has not shown that the BIA abused its discretion when it denied his motion to reopen as untimely. *Go v. Holder*, 744 F.3d 604, 609 (9th Cir. 2014).

**PETITION DENIED.**