**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

YUWEI JIN,

        Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

        Respondent.

No.   23-2674

Agency No. A096-071-412

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 14, 2024[**]
San Francisco, California

Before: S.R. THOMAS and MILLER, Circuit Judges, and ROSENTHAL,[***]
District Judge.

---

   [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

   [***]     The Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas.

Yuwei Jin, a native and citizen of China, petitions for review of a Board of Immigration Appeals ("BIA") decision denying a motion to reopen. We have jurisdiction under 8 U.S.C. § 1252(a). We deny in part and dismiss in part the petition for review.

"We review the Board's denial of a motion to reopen for abuse of discretion." *Go v. Holder*, 744 F.3d 604, 609 (9th Cir. 2014). "The BIA abuses its discretion when its decision is arbitrary, irrational or contrary to law. We review the BIA's determination of purely legal questions de novo and the BIA's factual findings for substantial evidence." *Nababan v. Garland*, 18 F.4th 1090, 1094 (9th Cir. 2021) (citations omitted). Because the parties are familiar with the history of this case, we need not recount it here.

## I

The BIA did not abuse its discretion by denying Jin's motion as untimely.

## A

Motions to reopen removal proceedings must be filed within 90 days of a removal order becoming administratively final, or within 180 days if the petitioner "demonstrates that the failure to appear was because of exceptional circumstances." 8 U.S.C. §§ 1229a(c)(7)(C)(i), (b)(5)(C)(i). Jin's motion to

reopen was filed 19 years after his removal order became administratively final. It was thus untimely, regardless of which deadline applies.

B

The BIA did not abuse its discretion by failing to apply equitable tolling. This court has identified several situations where filing deadlines should be equitably tolled. "This court . . . recognizes equitable tolling of deadlines and numerical limits on motions to reopen or reconsider during periods when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error." *Iturribarria v. I.N.S.*, 321 F.3d 889, 897 (9th Cir. 2003). Changes in law that "invalidate[] the original basis for removal" are also a basis for equitable tolling. *Lona v. Barr*, 958 F.3d 1225, 1230 (9th Cir. 2020). "In addition, equitable tolling is available where, 'despite all due diligence,' the party invoking the doctrine 'is unable to obtain vital information bearing on the existence of the claim.'" *Id.* (citations omitted).

Equitable tolling was not required here. Customs and Immigration Services recently granted Jin's son's I-130 petition on behalf of Jin, which would make Jin eligible to become a permanent resident, absent the removal order. This changed circumstance is not an alleged deception, fraud, or error. It is also not a change in

3

law that invalidates the removal order. Nor is it information that was previously hidden from Jin. In short, this changed circumstance does not require equitable tolling.[1]

## II

This Court does not have jurisdiction to conduct Jin's requested review of the BIA's denial of sua sponte authority. Jurisdiction over decisions not to exercise sua sponte authority "is limited to those situations where it is obvious that the agency has denied sua sponte relief not as a matter of discretion, but because it erroneously believed that the law forbade it from exercising its discretion, or that exercising its discretion would be futile. In other words, our review . . . is constricted to legal or constitutional error that is apparent on the face of the BIA's decision and does not extend to speculating whether the BIA *might* have misunderstood some aspect of its discretion." *Lona v. Barr*, 958 F.3d at 1234 (citations omitted).

---

[1] Jin also argues that the BIA abused its discretion because it denied the motion as untimely without "even tak[ing] into consideration that Petitioner is prima facie eligible for the relief he requested in the underlying motion to reopen: adjustment of status." But a prima facie case for relief does not require the BIA to reopen. *See* 8 C.F.R. § 1003.2(a) ("The Board has discretion to deny a motion to reopen even if the moving party has made out a prima facie case for relief.").

Jin asserts "the Board should have used [its sua sponte authority] to protect Petitioner in the interest of fairness and administrative economy," and erred by citing only one case and not considering Jin's evidence. These criticisms do not make it "apparent on the face of the BIA's decision" that the BIA misapprehended the law, and this Court should not "speculat[e] whether the BIA *might* have misunderstood some aspect of its discretion." *See Lona v. Barr*, 958 F.3d at 1234.

## III

In sum, we dismiss the petition for review as to Jin's motion to reopen insofar as Jin challenges the denial of sua sponte authority, and deny the remainder of the petition.

**PETITION DENIED IN PART AND DISMISSED IN PART.**