**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HENDRI PHANG, | No. 11-73618 |
| Petitioner, | Agency No. A095-025-161 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 24, 2013[**]

Before:     ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

Hendri Phang, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum and withholding

of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

substantial evidence the agency's factual findings, and review de novo the agency's legal determinations. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Substantial evidence supports the BIA's finding that the incidents Phang experienced in Indonesia, considered cumulatively, did not rise to the level of persecution. *See id.* at 1054, 1059-60 (two beatings and robberies, including robbery at knifepoint, and being confronted by a mob during a riot, did not compel finding of past persecution); *Halim v. Holder*, 590 F.3d 971, 975-76 (9th Cir. 2009) (incidents of mistreatment, including being stripped naked in front of classmates, beaten by rioters, and false arrest and detention, did not compel finding of past persecution). Substantial evidence also supports the BIA's finding that, even under a disfavored group analysis, Phang failed to establish sufficient individualized risk of harm to show a well-founded fear of persecution in Indonesia. *See Halim*, 590 F.3d at 979-80.

Because Phang failed to establish eligibility for asylum, his claim for withholding of removal necessarily fails. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006). Contrary to Phang's contention, the BIA's order encompasses both his asylum and withholding of removal claims.

**PETITION FOR REVIEW DENIED.**