**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 6 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HENDRI PHANG,<br><br>        Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>        Respondent. | No. 17-71591<br><br>Agency No.<br>A095-025-161<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 2, 2026[**]
Pasadena, California

Before: GRABER, CLIFTON, and JOHNSTONE, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge CLIFTON.

Hendri Phang, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings, where the BIA failed to address his alternative request that

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the proceedings be reopened *sua sponte*. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny the petition in part, grant the petition in part, and remand.

1. The BIA did not abuse its discretion in denying Petitioner's motion to reopen. Absent an exceptional circumstance, "[a] motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i). Petitioner sought to invoke the exception for "changed country conditions arising in the country of nationality . . . if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding," *id.* § 1229a(c)(7)(C)(ii), in his otherwise untimely motion. The BIA concluded that he could not do so because he failed to demonstrate a material change in country conditions in Indonesia regarding the treatment of Chinese Christians.

The BIA's conclusion was not "arbitrary, irrational, or contrary to law" so as to amount to an abuse of discretion. *Go v. Holder*, 744 F.3d 604, 609 (9th Cir. 2014) (quoting *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008)). Nothing in the record reflects that country conditions in Indonesia have changed materially, which requires a showing of evidence that is "'qualitatively different' from the evidence presented at the previous hearing." *Najmabadi v. Holder*, 597 F.3d 983,

987 (9th Cir. 2010) (quoting *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004)). The country conditions evidence submitted by Petitioner—spanning his initial hearing before an immigration judge in 2009, the BIA's dismissal of his appeal in 2011, and his 2014 and 2016 motions to reopen—is consistent in its observation that Indonesia has long been inhospitable for certain religious minorities, including Chinese Christians. Therefore, in denying his untimely motion to reopen, the BIA did not abuse its discretion.

2. Petitioner contends that the BIA erred by failing to address his request that it reopen proceedings *sua sponte*, *see* 8 C.F.R. § 1003.2(a), and that we must remand for the BIA to do so in the first instance. *See Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) ("[T]he BIA [is] not free to ignore arguments raised by a petitioner."). The Government acknowledges that the BIA "appears not to have specifically considered" the request. It asserts: "[t]o the extent that this Court agrees with Phang's argument that the Board failed to address *sua sponte* reopening . . . , it should remand to the Board for the limited purpose of ruling on Phang's *sua sponte* reopening request."

The Government waived any claim that the BIA's failure to address expressly a petitioner's request for *sua sponte* reopening is not error, offering none of our dissenting colleague's arguments, which Petitioner has had no opportunity to address. *See United States v. Dreyer*, 804 F.3d 1266, 1277 (9th Cir. 2015) (en

banc) ("Generally, an appellee waives any argument it fails to raise in its answering brief."). And while the Government asserts that "[i]t seems likely that the Board will decide, consistent with its prior decision, that Phang has again not shown exceptional circumstances warranting *sua sponte* reopening," it waived any contention that, as the dissent asserts, we should deny remand as a useless formality because the BIA will inevitably deny Petitioner's request. Instead, the Government affirmatively requests that we remand for the BIA to address *sua sponte* reopening in the first instance, in accord with the ordinary remand rule. *See INS v. Ventura*, 537 U.S. 12, 16 (2002) ("Generally speaking, a court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands."); *see also Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) (observing that the determination whether there are "truly exceptional circumstances" justifying *sua sponte* reopening is an exercise of agency discretion outside our jurisdiction).

Accordingly, we grant the petition in part and remand to the BIA "for the limited purpose of ruling on [Petitioner's] *sua sponte* reopening request."

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED**. **The parties shall bear their own costs**.[1]

---

[1] The temporary stay of removal remains in place until the mandate issues.

*Phang v. Bondi*, 17-71591

CLIFTON, Circuit Judge, concurring in part and dissenting in part:

I agree with my colleagues that the BIA did not abuse its discretion in denying Petitioner's motion to reopen and join that portion of the memorandum disposition in full. But I disagree that a limited remand is required.

It is inconceivable that the BIA would exercise its discretion to reopen Petitioner's removal proceedings after having explicitly denied *sua sponte* reopening on a prior occasion that was based on a nearly identical record. Remanding this case to the BIA is a useless formality and a pointless waste of time and energy. It also impermissibly intrudes on the BIA's discretionary authority to reopen removal proceedings *sua sponte*.

Petitioner made the request for *sua sponte* reopening in his "Motion to Reopen." The BIA explicitly denied that motion in its entirety. In so doing, it was necessarily aware of its power to reopen but chose not to exercise it. By requiring the BIA to affirmatively address *sua sponte* reopening whenever the issue is raised, the majority treats *sua sponte* reopening like any party-filed motion to reopen. While the BIA should address the various arguments and requests made by the petitioner and the government, the very notion of *sua sponte* authority presupposes that the agency acts on its own motion, regardless and independent of what any party may have argued or requested. *See, e.g., Bonilla v. Lynch*, 840 F.3d 575, 585

(9th Cir. 2016) (referring to "*sua sponte* authority—that is, to reopen the case on [one's] own motion" (internal quotation marks and citation omitted)); *see also Sua sponte*, BLACK'S LAW DICTIONARY (9th ed. 2009) ("Without prompting or suggestion; on its own motion[.]").

The majority's understanding of *sua sponte* authority is at odds with the very notion of that power. It is also in tension with the applicable regulation, which distinguishes *sua sponte* reopening from other, party-initiated motions. *See* 8 C.F.R. § 1003.23(b)(1) ("An immigration judge may upon the immigration judge's own motion at any time, *or* upon motion of DHS *or* the alien, reopen . . . any case . . . ." (emphasis added)); *cf. Rubalcaba v. Garland*, 998 F.3d 1031, 1039 (9th Cir. 2021) (observing that "*sua sponte* reopening has long provided a separate mechanism for reopening"). Accordingly, neither a petitioner nor the government may "move" the agency for *sua sponte* relief; their filings are necessarily party-filed motions to reopen.

In this case, the BIA has given due consideration to Petitioner's motion to reopen and has denied it. Asking the BIA to consider (or in this case, given the BIA's previous decision explicitly denying *sua sponte* relief, reconsider) whether it will reopen proceedings *sua sponte*—the practical effect the remand will have— risks converting a discretionary consideration that should rest entirely with the agency into a party-driven request.

Furthermore, while the majority observes that the government waived any argument that we can avoid a remand, the government's purported "waiver" was a conditional statement and likely not a waiver at all. "*To the extent that this [c]ourt agrees with Phang's argument* that the B[IA] failed to address *sua sponte* reopening," the government wrote, "it should remand to the B[IA] for the limited purpose of ruling on Phang's *sua sponte* reopening request." The government's purported "waiver," then, is conditioned on the court first agreeing with Petitioner's contention that the BIA failed to consider his request for *sua sponte* relief. If the court disagrees with that contention—as it should, for the reasons explained above—a remand is far from conceded by the government. Indeed, elsewhere in its brief, the government observed that the BIA "did not *explicitly* rule on whether it would *sua sponte* reopen Phang's proceedings, but instead simply denied reopening." This is, at most, an observation that the BIA did not *explicitly* address the request, not a concession that *sua sponte* relief was not considered at all.

Finally, it bears mention that we are the third panel of this court to review Petitioner's case. *See Phang v. Lynch*, 667 Fed. Appx. 957, 958 (9th Cir. 2016) (denying Petitioner's petition for review); *Phang v. Holder*, 535 Fed. Appx. 591, 592 (9th Cir. 2013) (same). Now, by remanding the case to the agency—in full awareness that it may very likely return to us for the fourth time—the majority

exalts form over substance in a way that risks "convert[ing] judicial review of agency action into a ping-pong game." *NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n.6 (1969) (plurality opinion). There are better ways for this court and all the others involved in adjudication of this petition—and the next one to come—to spend their time.

I respectfully dissent.